The opinion of the Court was delivered by
Tilghman C. J.
(After stating the case.) I cannot perceive, in what the deed offered by the defendant was deficient. The water-right was appurtenant to the mill, and passed by the word appurtenances. It was unnecessary therefore to insert the word privileges. This appears so plain, that he who denies it, should shew the authority on which he rests his opinion. No such authority has been shewn. But on the part of the defendant, cases were produced, shewing that privileges of the kind in question, pass by the name of appurtenances. In Nicholas v. Chamberlayn, [Cro. Jac. 121.) it is held, that if the owner of a house builds a conduit thereto, in another part of his land, and conveys the water, by pipes, to the house, and then sells the house with the appurtenances, excepting the land, the conduit and pipes pass, together with a right to dig and open the earth for the purpose of repairing the pipes or laying new ones if necessary. And in Blaines’ lessee v. Chambers, (1 Sergt. Rawle, 169.) it was decided by this Court, that by a devise of a *111 mill -with the appurtenances, the right to the use of the water, and the right to that piece of land which was always used with the mill, would pass. Indeed I do not understand the plaintiff’s counsel as denying that the water-right in the case before us, would pass by the word appurtenances, provided it remained appurtenant at the time of the execution of the defendant’s deed ; but they suggested, that probably the defendant might have extinguished this privilege, before the date of his deed. Such a thing, to be sure, was possible, but no proof whatever having been given of it, there was no ground for presuming it. The right which the defendant had acquired by the sheriff’s deed must be supposed to remain in him, until shewn to have passed from him. But the plaintiff relies much on the defendant’s declaration, that he had neither bought nor sold the water-right. I confess I cannot see how that alters the matter. The defendant agreed to sell all that he had purchased of the sheriff; and he certainly conveyed all that he had purchased, because the words of the sheriff’s and of his own deed, are the same. Of what importance then, is the defendant’s opinion, of the effect of these deeds ? Provided the plaintiff gets the title, he has nothing more to ask. The defendant meant to convey all that he had received from the sheriff: he supposed, that this water-right was not comprehended in the sheriff’s deed, but if it was, he passed it to the plaintiff by words equally comprehensive. He therefore performed his contract substantially, although he refused to gratify the plaintiff by the use of the word privileges. Then as to the delivering of possession ; — how could possession be delivered, when the title was refused to be received by the plaintiff? It never was intended that he should have the possession without the title. Nor would he have made the first payment without title, although he had the money ready.Possession without title, would have been the shadow instead of the substance. It was what was never contemplated by either party. In the order of the business, the conveyance of the defendant and payment by the plaintiff came first, and they were simultaneous acts. Afterwards was to be a delivery of the possession. It appeal's to me, therefore, that when the plaintiff refused to accept the defendant’s deed, he dispensed with the obligation to deliver possession, and cannot entitle himself to recover damages, by shewing, that if *112 he had accepted the deed, it would have been out of the defendant’s power to deliver possession. I am of opinion that the motion for a new trial should be rejected, and judgment entered for the defendant.
Motion for a new trial rejected, and judgment for the defendant.