BEACH *vs.* SPRINGER and others.

The *dismissal of an appeal* in the common pleas, on the ground of variance between the judgment recited in the appeal bond and the justice's return, will not support an action on the appeal bond for the breach of the condition that the appeal shall be prosecuted with due diligence.

Nor will an action lie on such bond for the breach of the further condition to pay the judgment rendered by the justice, or that the defendant shall surrender himself in execution, unless an execution be shewn to have issued and to have been duly returned *non est inventus*, and it is no excuse for dispensing with the issuing of the execution that the defendant had absconded.

A notice of special matter, to be given in evidence on the trial of the cause, may be subjoined to a plea of *non est factum* in debt on bond.

ERROR from the Monroe common pleas. The declaration in the court below was in *debt* on an *apeal bond* executed by Springer and two sureties to Beach, bearing date the 2d October, 1826, reciting a judgment obtained by Beach before a justice of the peace against Springer on the 2d October, 1826, for $44,52 damages and costs, and conditioned for the prosecution of an appeal made by Springer with all due dilligence, and in case judgment should be rendered against Springer in the common pleas, that he would pay such judgment and the costs of the appeal; and in case such appeal was not prosecuted with all due dilligence, that he would pay the damages recovered before the justice, with the interest thereon and the costs of the appeal, or surrender himself in execution of such judgment. The plaintiff assigned *four* breaches: 1. That Springer did not prosecute the appeal with diligence, but, on the contrary, so *negligently* prosecuted the same that the appeal was dismissed by the court with costs, which costs, amounting to $50, it was averred he had neglected to pay. The 2d breach was similar to the first. The 3d breach, after stating that the appeal was dismissed with costs, avers the non-payment of the same, and the non-payment of the damages recovered before the justice, together with the interest thereon, and that the defendant had not been within the county of Monroe since the time of the dismissal of the appeal. The 4th breach, after stating

the same facts and averments contained in the third breach, except the absence of the defendant, proceeds to aver that during the term of the common pleas at which the appeal was dismissed, a rule was obtained by the defendant's attorney for a stay of all proceedings in the appeal cause of the appeal aforesaid, until application could be made to the supreme court for a mandamus to the common pleas, to vacate the rule dismissing the appeal with costs, and that before the expiration of such rule Springer left the county of Monroe, and had not since been within the same so that his body could be taken in execution, whereby an action accrued, &c. The defendants pleaded *non est factum* and *seven* special pleas, of which it is necessary to notice only the *sixth* special plea, in which it is alleged that within ten days after the rendition of the judgment by the justice, and at the time of the delivery of the appeal bond to the justice, to wit, on the 2d October, 1826, Springer paid the justice the costs of the suit before him, and 75 cents for making a return to the common pleas, and served notice of appeal on the justice; that on the 16th November, 1816, he caused notice to be served on the attorney of Beach that the appeal cause would be brought to trial at the then next December term of the common pleas; that the cause was duly placed on the calendar for trial; that Springer attended court ready to try the cause; that when the cause was reached on the calendar, the same was dismissed by the C. P. on the motion of Beach, against the will and without the consent of Springer, and notwithstanding the earnest request of Springer to the court and to the counsel of Beach that the court would proceed to the trial of the cause, with this, that Beach had noticed the cause for trial at that term, and *traversing* the neglect to prosecute, &c. on the part of Springer. The plaintiff replied to this plea, reiterating the neglect of Springer to prosecute the appeal, and averring that in consequence of the negligent prosecution of the appeal, the same was dismissed with costs. To the pleas was subjoined a notice, that on the trial of the cause the defendants would prove that there was no such judgment rendered as was specified in the appeal bond; that a judgment, corresponding in all particulars except the day of the

rendition of the same, was rendered by the justice named in the appeal bond on the 30th September, 1826; and that if a judgment was rendered on the 2d October, 1826; it was returned by the justice as having been rendered on the 30th September, 1826, insisting that the plaintiff having availed himself of the mistake and procured the dismissal of the appeal for that cause, was estopped from now alleging that there was a judgment as of the date of the 2d October, 1826, and that the defendants ought to be permitted to deny that there was such judgment. The plaintiff entered a *nolle prosequi* as to the third breach assigned, and proceeded to trial on the issues of fact.

On the trial in the C. P. the bond declared on was produced, and the plaintiff proved a judgment before a justice rendered on the 2d October, 1826, conformable to that recited in the bond; he also proved the appeal and the proceedings thereon ; that on the 2d December, 1826, the justice filed his return, *erroneously* stating the judgment to have been rendered on 29th September, 1826 ; that the common pleas term commenced on the 4th day of December, that the cause was not called until the 14th December, that the appeal was then dismissed for the variance between the bond and the return; that on the 15th December, the defendant applied for leave to have the return amended and made conformable to the bond, which was refused on the ground of *laches* in the defendant ; that the court, however, stayed the proceedings to give the defendant an opportunty to apply to the supreme court for a mandamus to vacate the rule dismissing the appeal, and that before the next term of the supreme court the defendant absconded, and had not returned to the county of Monroe.

The defendants then offered to prove the facts set forth in their plea and notice, which evidence was objected to, 1. Because notice of special matter cannot be given with a plea of *non est factnm* ; 2. Because the same matter set forth in a special plea cannot also be put forth in a notice subjoined to such plea; 3. That the defendant having traversed a particular fact, to wit, the want of due diligence, had thereby ad-

NEW-YORK,
May, 1830.

Beach
v.
Springer.

mitted the residue of the facts alleged in the declaration, and could not, under their notice, contradict the facts admitted by the plea ; and 4. That the notice was not sufficiently definite and certain. The court overruled the objection, and the plaintiff excepted. The defendants thereupon proved that Springer employed an attorney to prosecute the appeal ; that the cause was noticed for trial by him, but that the appeal was dismissed, on the motion of the plaintiff's counsel, for the variance between the bond and return, contrary to the wishes and urgent request of the defendant ; that the defendant Springer absconded on the 21st January, 1827, and has not since returned. It appeared in evidence that an execution was issued on the 2d October, 1826, on the judgment rendered by the justice, and delivered to a constable, but that on the defendant's entering his appeal, it was returned to the justice, and nothing further was done upon it, nor had any other execution issued. The plaintiff offered in evidence the rule of the court of C. P. dismissing the appeal with costs, together with a taxed bill of costs in pursuance thereof, which the court refused to receive, observing that they considered that part of the rule which allowed costs as void, the court having no authority to allow costs in such cases ; to this decision the plaintiff also excepted. The court charged the jury that the plaintiff was not entitled to recover, not on the first or second breaches assigned, because no costs had accrued on the dismissal of the appeal ; and not on the fourth breach, because no execution had been issued upon the justice's judgment after the dismissal of the appeal ; and that although the defendant had not been within the reach of an execution since the dismissal of the appeal, yet without shewing the issuing of an execution and a return of *non est inventus* thereon, the plaintiff could not recover ; and they therefore directed the jury to find a verdict for the defendants, who found accordingly. The plaintiff excepted to the charge of the court. The defendants entered judgment for costs.

*A. Gardiner,* for the plaintiff in error.

*S. Boughton,* for defendant in error.

*By the Court,* Marcy J. To an action of *debt* on board, NEW-YORK, I think there is no well founded objection to the defendant's May, 1830. annexing a notice of special matter to be given in evidence on the trial to his plea of *non est factum.* Such notice has been allowed to be annexed to a plea of *non est factum* in *covenant.* (14 Johns. R. 89. 2 Wendell, 517.)

Beach v. Springer.

In this case there was not only a notice of special matter, but also several special pleas. It is contended that special pleas and a notice of the same special matter ought not to be allowed. If there be a general issue, the party has a right secured to him by statute to annex such notice ; over special pleas the court exercises a discretion, they are supposed to be put in with the leave of the court; and though this leave, in point of fact, is not obtained before pleading, yet if the implied license is not fairly exercised, the court will correct the abuse. If the defendant improperly incumbers the record, the court, on application, will strike out such pleas as they deem unnecessary ; but they will rarely if ever supervise the discretion which an inferior tribunal has exercised in this matter.

The remaining questions arise out of the charge of the court below. The appeal was in fact from a judgment rendered in favor of the present plaintiff against Springer, one of the defendants, on the 2d of October, 1826, but in making his return, the justice stated the judgment to have been rendered on the 30th of September. After the parties had prepared to try the cause in the common pleas, the discrepancy was discovered, and the plaintiff moved to dismiss the appeal on the ground of the variance between the appeal bond and the justice's return. The motion was granted, and as the rule stated, with costs to be paid by the appellant.

The court decided that the condition of the bond, so far as it related to prosecuting the appeal with diligence, was brokken, but they refused to allow the plaintiff to shew the costs of the proceedings which were dismissed. To this opinion there is an exception. The court, by dismissing the appeal, decided that the judgment returned by the justice was not the judgment mentioned in the bond. If it was a different judgment, there is no pretence that the costs incurred in the

prosecution of an appeal therefrom were provided for by the bond. The costs claimed resulted from proceedings purporting to be an appeal from a judgment entered on the 30th September ; but the bond provided for the costs which might accrue in prosecuting an appeal from a judgment entered on the 2d of October. The plaintiff having procured the appellant to be turned out of the court below upon the allegation that he was prosecuting proceedings different from those contemplated by the bond, ought not now to recover the costs of those proceedings under the bond, by alleging or assuming that they were in fact what he denied them to be on his motion for the dismissal of the appeal. The bond provided for the payment of the costs that might accrue on an appeal from a judgment entered on the 2d October, but not for those which might arise on an appeal from a judgment rendered on any other day. I think, therefore, that the court decided correctly in instructing the jury not 'to allow those costs.

There is another view to be taken of this part of the case which shows the correctness of the decision below. The breach assigned in the declaration was for not prosecuting with due diligence an appeal from a judgment rendered on the 2d October, and for the costs of the proceedings on that appeal ; but the plaintiff did not prove any such proceedings. What proceedings there had been were in a different case ; besides, the breach, so far as it related to the costs, was not proved. The defendant Springer might have been in default for not prosecuting his appeal with diligence, because he had not obtained even the justice's return in the suit, for the review of which the appeal was brought ; but the proceedings on the return made by the justice were a very different matter. The plaintiff did not therefore shew that any costs had been incurred in the appeal to which the bond related.

There is a further condition to the bond which the plaintiff contends has been broken. The defendant Springer has not, as the bond provides he should, paid the judgment recovered before the justice, or surrendered himself in execution. The court below decided that the defendant Springer could not be in default for not surrendering himself until the

plaintiff had caused an execution to be issued. This part of the condition of the bond is similar to the condition of the bond which was required by the 8th section of the act of 1818, extending the jurisdiction of justices of the peace. In the case of *Tuttle and others* v. *Kip*, (19 Johns. R. 194,) it was held that an execution must be issued to enable the defendant to surrender. The plaintiff stated certain facts in assigning his breach as an excuse for not having issued an execution; and he contends that, because these facts were not particularly traversed by the plea, the validity of the excuse is admitted by the pleadings. The facts not being denied, may be considered as admitted; yet, if they do not make out a valid excuse, or if no excuse will dispense with the issuing of and execution, the condition of the bond which required Springer to surrender himself is not broken. I am inclined to coincide with the court below in their opinion pronounced by them on this point.