By the Court,
Nelson, J.
I am of opinion this case falls within the case of Thompson v. Gregory, 4 Johns. R. 81, and Provost v. Calder, 2 Wendell, 517. Those cases recognize the doctrine that strictly an exception of a part of the thing granted is void, but an incident to the grant may be reserved; that the reservation of a mill site out of a tract of land is good, but until the grantor or his assigns exercises the right and builds the mill and dam, the exception is inoperative, and the whole *premises vest in the grantee, who may maintain trespass against any one except the grantor or his assigns ; and, as a necessary consequence of this doctrine, even against them, unless they are in the exercise of the right reserved.
This exception, as such, assuming it to be an attempt to reserve out of the grant one acre of land, is void; but construing it as a reservation of a mill site, which is the obvious intent of it, it is valid, but inoperative until used for the purposes reserved. The reservation of the land is for a specific purpose, and an appropriation to any other object by the grantors or their assigns is without right, and they can be in no better situation than strangers, and therefore are trespassers.
All other rights to the premises in question, beside those reserved to the grantors, belong to the grantee, and for any encroachment upon them, he has the appropriate remedy. The nature of the reservation may be very material to the grantee ; in this case he may have considered the erection of a gristmill on the place reserved no detriment to the grant, but there are many uses to which it might be appropriated incompatible with such a supposition. It would therefore'be unjust to the grantee, and unreasonable to allow the grantors or their assigns to use the land in question in any other manner or for any other purpose than in pursuance of the intent of the parties, to be gathered from the exception in the deed; and that cannot be misunderstood.
It may be added, until the right is exercised and the grist-mill built, it cannot be ascertained with certainty what quantity of land will be necessary for that purpose, nor the precise location.
There is nothing in the case of Hasbrouck v. Vermilyea, 6 Cowen, 677, at variance with the conclusion in this case, or with the cases above cited, by which it is sustained. There the right had been asserted, and the mill built and in operation.
Judgment reversed.