HARVARD LAW SCHOOL LIBRARY

---

JONES and Others *v.* THE STATE, on the Relation of DIETZ, County Treasurer, &c.

*In a suit by the state, on the relation of a county treasurer, on the bond of a collector of county revenue, the treasurer is an incompetent witness for the state on account of his interest in the event of the suit.*

*If the plaintiff in such suit fail, the judgment should direct the costs to be collected from the property of the county—not from the relator.*

May Term,
1839.

Jones
v.
The State.

Monday,
May 27.

ERROR to the *Bartholomew* Circuit Court.

Sullivan, J.—This was an action of debt on a bond executed by *William P. Nelson*, and the defendants as his sureties, to the state of *Indiana*, for the faithful collection and payment of the revenue of *Bartholomew* county for the year 1836.

A general demurrer was filed to the declaration which was overruled by the Court, and judgment was given for the plaintiff. This is the first error assigned, but we think the declaration good, and that the Court committed no error in overruling the demurrer.

On the execution of the writ of inquiry *David Dietz*, the relator and treasurer of *Bartholomew* county, was offered as a witness for the plaintiff. The defendants objected to his introduction, but the Court permitted him to give testimony.

The plaintiffs in error insist that *Dietz* was not a competent witness for the plaintiff, because he was interested in increasing the amount of moneys to be received and paid out by him as county treasurer. It is not easy to reconcile all the cases, in which a distinction has been made between objections which go to the competency and such as go to the credit only of a witness. Notwithstanding they often appear to be contradictory, one general principle may be drawn from them, and that is this,— where a witness has a legal, certain, and immediate interest, however minute, in the result of the cause, he is disqualified. If in the present case, the witness offered would be a gainer or loser by the event of the cause, the rule will apply to him. The act of assembly establishing the office of county treasurer provides, "that the county treasurer shall have for his services one and a half *per centum* for all moneys received, and one and a half *per centum* for all moneys paid out for the county." The compensation of the treasurer depends on the amount received and paid out by him. He is therefore interested in increasing that amount; and where the effect of a witness' testimony is to increase a fund in which he takes a beneficial interest, he is incompetent. 1 Carr. & Payne, 253.

It is also insisted that the witness was incompetent, because, being the relator in the case, he was liable for the costs. We think the statute does not apply to a case where

suit is brought on the relation of a county officer for the bene- <span style="float:right">May Term,</span>
fit of his county.  The judgment in such cases should direct <span style="float:right">1839.</span>
the costs to be collected from the property of the county, and <span style="float:right">Whittelsey</span>
not from the relator.  *Sybert et al.* v. *Ellis,* 3 Blackf. 229. <span style="float:right">v.<br>Beall.</span>

*Per Curiam.*—The judgment is reversed, and the inquisition set aside, at the costs of the county, &c.  Cause remanded, &c.

*P. Sweetser,* for the plaintiffs.

*S. C. Stevens,* for the defendant.