## JAMES W. BICKNELL *v.* AMADOR COUNTY.

LIABILITY OF A COUNTY FOR CLERK'S FEES.—A county cannot be held liable for any fees of the Clerk of either the Probate, County or District Court, unless made liable by some express statutory provision.

IDEM.—A county is not liable to the Clerk of a Court for services performed by him in entering orders, opening and adjourning Court, correcting and approving minutes, and such orders as the Clerk is required by the Judge to make, for which no party to an action is chargeable.

FOR WHAT SERVICES A CLERK OF A COURT MAY COLLECT PAY.—There is no law in this State allowing the Clerk of a Court pay for services rendered by him in Court in making such entries, not pertaining to any action pending, as may be necessary to show that a Court has been held, and to constitute a complete record of its action.

WHAT A MOTION IS.—A motion, within the meaning of the statute concerning fees, is an application for a rule or order by a party to an action or proceeding ; and the motions, rules, or orders for the entry of which the Clerk is entitled to collect fees, are such as are entered on the application of some party, who is bound by law to pay for the service rendered.

APPEAL from the District Court, Eleventh Judicial District, Amador County.

The plaintiff recovered judgment in the Court below, and defendant appealed.

The other facts are stated in the opinion of the Court.

*R. M. Briggs,* for Appellant, argued that the county was not liable for any services of the Clerk when the county was not a party litigant, unless expressly made so by law ; and that the statute allowing the Clerk pay for entering motions, rules, orders, etc., applied only to such entries as were made in the course of a trial or proceeding on the application of a party who was liable for costs, and cited *Kitchell* v. *County of Madison,* 4 Scam. 165 ; and Wood's Digest, p. 455, Sec. 51.

*Badgley & Tilden,* for Respondent, argued that the services were performed for the benefit of the county, as it was the duty of the county to make all necessary provision for the proper holding of Courts within its limits ; and that sections one and two of the Act of 1859 (Laws of 1859, p. 159) allowed pay for the services charged. They also argued that a county was liable for beneficial services rendered by its

officers, unless the intention to exempt it was clearly apparent from the statute; and cited 4 Scam. 165; 2 Blackford, 365; 18 John. 242; *Brady* v. *Supervisors of N. Y.*, 2 Sand. 460; *People* v. *Supervisors of Albany*, 12 Wend. 257; and *Mallory* v. *Supervisors of Courtland*, 2 Cowen, 531.

By the Court, SAWYER, J.:

This is an action by the County Clerk of Amador County against the county for fees, claimed to be due for services rendered as Clerk of the District, County and Probate Courts. Whenever any entry or minute of any kind has been made by the direction of the Judge during the term, and not at the instance of any party, and consequently not chargeable against a party to some proceeding, such entry or minute seems to have been christened a motion and order, and charged to the county. For instance, there are in the bill of items fourteen hundred and sixty " motions and orders opening and adjourning Court," for services in entering which, an aggregate sum of over one thousand dollars is charged to the county. There are, also, " motions and orders," " approving minutes," " correcting and approving minutes," " motions and orders," " making rule of Court," " changing rule," " abolishing rules of Court," " excusing jurors," " discharging jurors," " fining jurors " and " remitting the fine," " fining Milligan " and " remitting the same," " appointing committee to examine attorney," " admitting Brown, att'y," " placing name [of attorney] on roll," etc., etc. The question is, whether these various services constitute a legal charge against the county. Clearly not, unless made so by some express statutory provision. In the case of *Rawley* v. *Board of Commissioners of Vego County*, 2 Blackf. 355, the plaintiff, a constable, claimed to hold the county liable for services rendered in sundry criminal cases decided against the People. The Court say: " We have no doubt in this case. Neither the State nor a county is bound by law to pay the fees and charges of the officers in cases of prosecutions on behalf of the State, in which the

prosecution fails. There have been frequent cases of the kind in this Court, and we have uniformly refused to give costs against the State. It is settled in the Supreme Court of the United States that the United States never pay costs in any suit. (*United States* v. *Barker*, 2 Wheat. 395.) In the present case the county cannot be liable for the fees and charges stated without an express statute on the subject."

In *Kitchell* v. *Madison County*, 4 Scam. 163, compensation was claimed against the county for similar services in a criminal case by the Clerk, Sheriff and Attorney-General, and it was held, that "in the absence of all legislative enactment requiring such fees to be audited and paid as a part of the contingent expenses of the county, the claim was properly rejected by the County Commissioners." Referring to the cases in 2 Wend. 523, and 18 Johns. 243—the only cases tending to support the liability called to our attention, and in those cases the services were rendered for the benefit of the county—the Court say : " When compensation has been allowed to such officers without any provision by law for that purpose, it was where the services were specially rendered for the benefit of the county, and for which no other provision had been made, as in the cases cited in 2 Wend. 533, and 18 Johns. 243. But no case has been referred to where such compensation has been allowed for services rendered by such officers in the course of judicial proceedings in criminal cases."

The only statutory provisions brought to our notice from which it can be inferred that the Legislature designed to make the county liable for services of the kind specified in the complaint, are, sections one and two of the "Act to regulate fees of certain offices in Amador County," approved April 6, 1859. (Laws 1859, p. 159.) Section one provides, that "such fees are allowed to the officers herein named, for their services rendered in discharging the dutes imposed on them by law, as herein provided, and such officers may lawfully charge, demand and receive the same." And section two : " The fees of the Clerk of the District Court shall be as follows : For entering each suit on the register of actions, and making the necessary entries

therein, for each folio, twenty-five cents; for issuing every writ or process, under seal, seventy-five cents; for issuing a subpœna, for each witness, fifteen cents; for filing each paper, fifteen cents; for entering every motion, rule, order or default, thirty-five cents," etc.—running through a long list of items covering almost every conceivable service to be performed in a proceeding wherein there is some particular party specially interested. If there is any head under which the services in question can be classed, it must be under the claim "for entering every motion, rule, order or default." And it seems plain to us from a view of the services, indicated in these various provisions, and from other provisions bearing upon the subject, that the motions, rules, orders and defaults referred to, are such as are required to be performed in the course of some proceeding wherein there is some particular party interested, who is chargeable with the costs of the services rendered. These provisions do not refer to such incidental directions of the Judge without application on behalf of any party, such as the direction to open and adjourn Court, which must necessarily constitute a part of the judicial history of all Courts irrespective of the proceedings of individual suitors. Of the fourteen hundred and sixty instances of motions and orders opening and adjourning Court, there is in each case both a motion and order charged. By no possible construction can it be said that there is a motion made, when the Judge directs Court to be opened or adjourned. A motion is an application for a rule or order. There is no application for a rule or order, in any sense, in such case. And the rule and order contemplated by the statute cited was also, doubtless, such a rule or order as is entered on the application, or motion of some party who is bound to pay for the service demanded and rendered in entering it. And that such is the kind of service designed to be compensated, is apparent from section twenty-two of the "Act to regulate fees of office of 1855, applicable to Amador County," which is as follows: " The fees allowed in these counties shall be payable at the time the service is rendered, and any officer, when it is not otherwise expressly provided by

law, may refuse to perform any service in any suit or proceeding in which there are any fees due in the same suit or proceeding (criminal proceedings excepted) from the person applying, until such fees are paid. (Laws 1858, p. 88.) By this section fees, except in criminal cases, may be demanded in advance of the parties interested. Besides, the last clause of section two of the Act of April 6, 1859, before cited, especially provides for the compensation to be paid for a certain class of services rendered to the public and adopts an entirely different rule from that relating to private suitors. The provision is: "When the Court is sitting as a Court of criminal jurisdiction, he shall receive for the trial of each issue three dollars. He shall receive no other fee for any services whatever in a criminal action or proceeding, except for copies of papers, for each folio, twenty-five cents."

In this class of cases the people are directly interested as parties, and for this reason a compensation is allowed to the Clerk, although much smaller than in other cases for similar services. So, also, in civil actions, in which the State or a county is interested as a party, the State or county, like other parties, is required to pay the Clerk for his services. The statute expressly authorizes it. "In all civil actions brought by the State or a county against any person or persons, association or corporation, and in all such actions brought by any person or persons, association or corporation, against a county, Sheriffs, Clerks and all other officers, and all persons required by law to perform services in civil actions, shall perform such services for the State or county without requiring the payment of fees therefor in advance; but *all such fees and the costs accruing on the part of the State or county, as the case may be, shall become a charge against the State or county, as the case may be, and shall be audited and allowed as other demands against the State or county are audited and allowed.*" (Laws 1859, p. 223.) The provisions of the statute cited sufficiently indicate the character of the services to be paid for, and the parties who are to make the compensation; and it is plain that the ser-

31

vices are such as are *required by parties interested, and the compensation is to be made by the parties affected.* On the other hand, our attention has not been called to any provision —and we find none—imposing a liability upon the counties to pay the Clerks for such incidental services as necessarily belong to the official duties of all Clerks of. Courts in making such entries, not pertaining to any action pending, as may be necessary to show that a Court has been held, and to constitute a complete record of its action. There must necessarily be entries to be made, and incidental services to be performed, that cannot be referred to any particular action pending or chargeable to any particular litigant. But the Clerk must perform his whole duty, and be content with such compensation as is provided. The Legislature, doubtless, supposed that the specific compensation provided would be sufficiently liberal to be an equivalent for all the duties devolved upon the office. Some of the items in the bill, in addition to those deducted by the District Court, might doubtless have been properly imposed upon parties before the Court. But, however that may be, we think none of them are properly chargeable as legal liabilities against the county.

Judgment reversed and District Court directed to enter judgment for defendant.