SEBRELL *v.* FALL CREEK TOWNSHIP, OF MADISON COUNTY.

TOWNSHIPS.—A civil township is a corporation, capable of suing and being sued.

SAME.—COSTS.—When an action begun by the supervisor of a road district, in the name of the township trustee, to recover a penalty for the obstruction of a highway, is dismissed, the township is liable for costs.

ROAD DISTRICTS.—A road district is not a corporation, but is a part of the township corporation.

APPEAL from the *Madison* Circuit Court.

RAY, C. J.—*Cravens*, supervisor of road district number five, in *Fall Creek* township, commenced a number of actions in the name of *Thomas*, as trustee of said township, before a justice of the peace, against a railroad company, for obstructing a highway. Judgments were recovered against the company, from which appeals were taken to the Circuit Court, and the cases were subsequently dismissed by said *Cravens'* successor in office, during a vacation of the court. The appellant in this action was sheriff of the county during the pendency of the cases in the Circuit Court, and brought this suit to recover his costs, as such sheriff, in serving process. A demurrer was sustained to the complaint. This

ruling was erroneous. The township was a corporation, capable of suing and being sued. 1 G. & H., § 4, p. 637. It is provided by statute that relators, and persons and corporations for whose use an action is brought, shall be liable for costs. 2 G. & H., § 399, p. 228. The recovery in the action is for the township, and the penalty is to be paid to the township trustee. 1 G. & H., § 24, p. 592. The fact that it is to be applied to a particular district in the township does not affect the question, for the road district is not a corporation, but is a part of the township corporation, and the recovery for the use and benefit of such road district must be regarded as for the use and benefit of the corporation. The recovery in favor of the corporation is because the district forms a part of the corporation. The law for the purposes of this class of actions requires the suit to be brought in the name of the township trustee, and does not, so far as the parties to the action are concerned, regard any subdivision of the township.

The judgment is reversed, with costs, and the cause remanded, with directions to overrule the demurrer to the complaint.

*W. R. Pierse* and *H. D. Thompson*, for appellant.

*J. Davis*, for appellee.