## PRESTON vs. THE TOWN OF KOSHKONONG.

*April 12 — May 10, 1882.*

TOWNS: COSTS. *Action for obstructing highway: when town not liable for costs.*

Where, by authority of the district attorney of a county, a suit was brought against P., in the name of the state, to recover the penalty prescribed by the R. S. of 1858 for wilfully obstructing a highway in a town of said county, and judgment went in favor of P. for costs, the town was not liable for such costs; the penalty, if recovered, not being payable to it, and no statute declaring it liable.

APPEAL from the Circuit Court for *Jefferson* County.

The defendant town appealed from a judgment in favor of the plaintiff. The case is stated in the opinion.

*W. H. Rogers*, for the appellant.

The cause was submitted for the respondent on the brief of *G. H. Stafford.*

ORTON, J. By the authority of the district attorney of Jefferson county, a suit was instituted in the name of the

state against the respondent to recover the penalty prescribed by section 101 of chapter 19, R. S. 1858, for wilfully obstructing a highway. Judgment was recovered against the respondent before a justice of the peace, and, on appeal, in the circuit court, which judgment, on appeal to this court, was reversed (State v. Preston, 34 Wis., 675), and the respondent obtained judgment in this court in form against the state for costs. This bill of costs, together with certain other costs in the justice's court, and an attorney fee, were presented in the form of an account to the town board of the town of Koshkonong, in said county, in which the obstructed highway was situated, for allowance; and said board disallowed the same. Thereupon the respondent brought this suit for said costs against said town before a justice of the peace, who rendered judgment against him; but, on appeal to the circuit court, he obtained judgment for the said costs so taxed in this court, with interest; and the town has brought this appeal. These facts are substantially set out in the complaint, and stated as true in a stipulation. Objection was made to any evidence under the complaint, and proof was offered that the town of Koshkonong was opposed to the bringing of the original suit, which was refused.

It is elementary that in actions at law costs are the creature of the statute, and are not recoverable without the authority of positive law. The liability of a municipal corporation like a county or town must rest upon strict legal right. It forms the basis of taxation, and must have clear legal warrant. Fernandez v. County of Winnebago, 53 Wis., 247. The interest of a town in keeping highways in repair is altogether too remote to imply any such legal liability. It is made the express duty of the overseer of the proper district to cause such obstruction to be immediately removed. On the ground of liability arising from neglect of duty in respect to such obstructions, the overseer would seem to have a more direct interest than the town itself; and if by any such implication

there could be a liability for costs in such a case, it would seem rather to rest upon him than the town.

The case of *Ives v. Supervisors of Jefferson County*, 18 Wis., 166, the only case cited by the learned counsel of the respondent in this court as authority for holding the town liable for these costs, is closely analogous to this case, and the county is held not liable for costs similarly incurred, because there is no statute making counties liable for costs in such cases. It is barely intimated that the town in that case might perhaps be liable because the penalty to be recovered was to go to the town. But the penalty in this case does not go to the town. It is a familiar principle that when a suit is brought in the name of a relator, or a nominal party having no interest whatever nor made liable for costs by the statute, on behalf of a person or a corporation having the entire interest, and for whose exclusive benefit the suit is brought, such party in interest will be liable for costs. To this effect are *Colvard v. Oliver*, 7 Wend., 497; *Jones v. State*, 5 Blackf., 141; and *Sebrell v. Fall Creek Township*, 27 Ind., 86,— cases cited by the learned counsel for the respondent. In this last case the action was to recover the penalty for obstructing a highway, and the township was held liable for costs, only because, by the statute of that state, the penalty is to be paid to the township trustees, and that state has a general statute establishing the above principle, that costs shall be taxed to the party in interest for whose benefit the action is brought.

It is significant that in the revision the same principle is adopted in section 3297, R. S., as a new provision, that, in cases where the action is brought in the name of the state for a forfeiture which is payable to some party other than the state, such party shall pay costs. So, also, is section 3303, R. S., a new provision, which makes towns, cities and villages liable for costs when the forfeiture belongs to such towns, cities and villages, by authorizing them to sue for the

same.   In suits for all other forfeitures, counties are made liable for costs by another new section, 3313, R. S.   This last section is made without reference to any other statute, and the inference is almost irresistible that no previous provision existed in respect to costs in a case like the present.

The objection to any evidence under the complaint should have been sustained.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to dismiss the complaint.