## MICHAEL J. BARRETT *vs.* STUTSMAN COUNTY.

Opinion filed July 23, 1894.

**Justice of the Peace—Action Against County.**

> Where a justice of the peace files his sworn report, containing an itemized account of his fees in criminal cases, with the board of county commissioners of the proper county, and such board fails to take any action thereon within a reasonable time, the justice may bring suit against the county for such fees, and he is not required to compel such board by mandamus to act upon such claim.

**County Liable for Justice's Fees in Criminal Action.**

> No liability rests upon a county, as such, to pay the fees of a justice of the peace in criminal cases, unless such liability is created by statute; but it is not necessary that the statute should in direct terms require the county to pay such fees if it clearly and unmistakably appears from what has been enacted that such was the legislative intent.

Appeal from District Court, Stutsman County; *Rose*, J.

Action by Michael J. Barrett against Stutsman County. Judgment for plaintiff, and defendant appeals.

Affirmed.

*S. L. Glaspell*, for appellant.

There is no statute law in this state providing that counties shall pay the costs of criminal cases in the courts of justices of the peace. To enable a justice to recover such costs from a county he must show a statute obliging the county to pay. *Board of Commissioners* v. *Houn*, 23 Kan. 257; *Becknell* v. *Amador Co.*, 30 Cal. 237; *Rawley* v. *Board of Commissioners*, 2 Blackf. 355; *United States* v. *Barker*, 2 Wheat 395; *Kitchell* v. *Madison Co.*, 4 Scam. 163; *Williams* v. *Northumberland Co.*, 20 At. Rep. 405; *Hendershott* v. *County*, 47 N. W. Rep. 810; *Preston* v. *Town*, 55 Wis. 202; *Noyer* v. *State*, 46 Wis. 250.

*Edgar W. Camp* and *Barrett & Marcy*, for respondent.

When services are required to be rendered for a county, the fees prescribed and no provision made by statute for their payment, the county is liable. *Bright* v. *Supervisors*, 18 Johns. 243;

*Mogel* v. *County*, 26 At. Rep. 227; *Doubleday* v. *Supervisors*, 2 Cowen 532. Cited as bearing upon the general liability of the county for kindred services. *Hawthorn* v. *Randolph Co.*, 31 N. E. Rep. 1124; *Codding* v. *Bradford Co.*, 9 At. Rep, 153; *Jamient* v. *Board*, 43 N. W. Rep. 910; *Miller* v. *Boone Co.*, 31 N. E. Rep. 1123; *Tucker & Slate* v. *Rochester*, 7 Wend. 256; *People* v. *Board*, 12 Wend. 256; *People* v. *Supervisors*, 45 N. Y. 199; *Crofrut* v. *Brandt*, 58 N. Y. 113; *People* v. *Supervisors*, 32 N. Y. 475; *Hawthorne* v. *Randolph Co.*, 30 N. E. Rep. 16; *County* v. *Decker*, 14 Pac. Rep. 123; Dillon Muc. Corp. § 938 and N. 3.

BARTHOLOMEW, C. J. The plaintiff was a duly elected and qualified justice of the peace for Stutsman County. On July 3, 1893, plaintiff, as such justice, filed with the board of county commissioners for said county, for audit and allowance, an itemized statement of his fees in criminal cases for the six months ending June 30, 1893. On September 18, 1893, said bill not having been allowed, and, so far as the record shows, no definite action having been taken thereon, he commenced this action against the county to recover the same. The county answered in general denial, and also pleaded the pendency of the claim before the county commissioners. There was a trial, verdict directed for plaintiff, new trial denied, judgment on the verdict, and defendant appeals.

We do not think the action was prematurely brought; or, to put it differently, we do not think plaintiff was required to resort to mandamus to compel the commissioners to act upon his claim, and then, if such action were unfavorable, bring suit against the county. The commissioners are but the financial agents of the county. It is convenient to present claims against the county to the board for allowance, but it is not a condition precedent to the right to bring suit on the claim. The allowance or disallowance of the claim by the board is not an adjudication. If allowed, and a warrant issued therefor, the county may subsequently defend against the warrant on the ground of *ultra vires*, fraud, or failure of consideration; and, if disallowed, the claimant may

bring suit on his claim. The commissioners are not a tribunal in the matter of allowing claims. They are simply the agents of one of the parties to the transaction out of which the claim arose. The county is a body corporate for civil purposes, and, as such, may sue and be sued. Comp. Laws, § 572. It was no doubt the duty of the agents of the county to act upon the claim presented by the plaintiff, but their failure to do so cannot be urged by their principal as a good plea in abatement. In *State* v. *County Judge*, 5 Iowa, 380, where the auditing body (county judge in that case) had failed to act upon a claim against the county, it was held that mandamus to compel action was not proper, because the party had a plain, speedy, and adequate remedy at law by a direct suit upon the claim. See also, *Gillett* v. *Lyon Co.*, 18 Kan. 410, and Dillon Mun. Corp. § 963, note.

In the trial below, the appellant insisted, by motion to exclude all evidence under the complaint, and, by motion for a directed verdict in its favor, that it was not liable in law for the payment of respondent's fees in criminal cases, or in any case, except where the county, as such, was a party in interest. To this one point its other assignments of error are all directed. The case does not present an instance where services are required by law of a public officer for which no fees are provided. In such instances it is generally held that no recovery can be had. Fees were unknown to the common law. They exist only by express statutory creation. A party accepting a public office takes it *cum onere*, and may resign if he finds it burdensome: but, while he holds the office, he must perform the duties prescribed by law, for the compensation fixed by law. But these principles cannot be made to apply to this case. Section 1420, Comp. Laws, fixes in detail the fees which justices of the peace are "entitled to charge and receive" in both civil and criminal cases. The difficulty lies in the fact that this law nowhere declares in terms by whom these fees shall be paid. In civil cases the justice may demand his fees in advance. He

holds the means for his protection in his own hands, and can look only to the parties to the action for his compensation. Not so in criminal cases. Punishment for crime or acquittal of criminal charges does not depend in this state upon the ability of the prosecuting witness, in the one case, or the accused, on the other, to advance the fees of the officers whom the law designates to issue the proper papers and investigate and determine charges. In these cases, payment of fees is a subsequent matter. True, upon conviction, costs are taxed against the defendant; and in certain cases, where the ·prosecution is malicious or without probable cause, the costs may be taxed against the prosecuting witness. But, in practical results, these provisions amount to but little, as generally the costs cannot be collected. Granting that these provisions sufficiently assured the payment of fees in these cases, there yet remains the large class of prosecutions properly brought, yet where no conviction results, entirely unprovided for, unless the state or proper county is liable for such fees. Certainly, the state is not liable. No statute can be found looking in that direction, saving in the exceptional circumstances hereafter noticed. True, all prosecutions run in the name of the state, but the county is the instrumentality provided by law for punishing all violations of criminal statutes which occur within its boundaries. These violations cannot be punished elsewhere. Counties are organized almost exclusively for the purpose of carrying out the policy of the state at large in the matters of political organization and civil administration, and especially for the general administration of justice. Dill. Mun. Corp. § 23. It has been the general, if not the universal, policy of the states of this Union to cast upon the counties the burden of criminal prosecutions. Law abiding communities are thus relieved of the burdens which are properly thrown upon their more lawless neighbors, and the citizens of each county are directly interested in diminishing crime. But, notwithstanding this practice is so prevalent that the source of the county's liability is seldom questioned by lawyer or layman, yet it is urged upon us in this case that this liability is

always founded upon statutory provisions, and this we think, is correct. *Preston* v. *Town of Koshkonong*, 55 Wis. 202, 12 N. W. 440, and *Bicknell* v. *Amador Co.*, 30 Cal. 237. No statute of this state can be found in terms requiring the county to pay the fees of justices of the peace in criminal cases. We do not think this necessary if the intention of the legislature that such fees should be so paid clearly and unmistakably appears from what has been enacted. *Hawthorn* v. *Board of Commissioner's*, (Ind. App.) 30 N. E. 16, 31 N. E. 1124; *Codding* v. *Bradford Co.*, (Pa. Sup.) 9 Atl. 153; *People* v. *Supervisors of New York*, 32 N. Y. 473.

When we turn to our statutes, we find that a justice of the peace is a county officer; that he is expressly authorized to charge and receive certain specified amounts for certain specified services. By § 6184, Comp. Laws, and sections following, justices of the peace are required to report under oath an itemized account of their fees in all criminal cases, and showing what, if anything, has been paid them, to the county commissioners of their respective counties at the regular quarterly meetings of said board. Why is this sworn report required? It is suggested that it is required to prevent extortion. Then, why limit it to criminal cases? Extortion may as readily be practiced in civil cases? If it be said that in civil cases the parties are liable for the costs, and self interest will prompt them to see that no improper costs are allowed, the ready answer is that if, as appellant claims, costs in criminal cases are only paid when chargeable to the prosecuting witness or the defendant, then such parties would be equally zealous in excluding extortionate charges. If costs in criminal proceedings, before justices of the peace, are not to be paid when the proceedings were properly commenced, but failed to terminate in convictions (and this would certainly include a moiety of all criminal proceedings in justice's court,) then the act of the legislature authorizing justices to "charge and receive" certain fees, without restriction as to cases, was to a large extent nugatory, and the subsequent act requiring justices to report under oath to the county commissioners an itemized account of

fees that could not under the law be paid by anybody is certainly incomprehensible. If they can never be paid, it is utterly immaterial whether they are extortionate or not. But, if we hold that such report is required for the purpose of enabling the board of county commissioners to audit and pay the fees of the justice, we thus give effect to the fee bill as the statute proclaims it, and find a proper and necessary demand for the verified report. This is the practical, and, as we understand, universal, construction that has been placed upon the statute from its first enactment. While custom may not make law as against a municipality, yet a construction so long given by every county in this jurisdiction, and involving in the aggregate so much money, and given, we must presume, with the full knowledge of so many subsequent legislatures, ought not to be changed by the courts without sufficient and forcible reasons. The legislature has not only acquiesced in this construction, but has, we think, placed the same construction upon the law. By § 15, Ch. 84, Laws Dak. T. 1881, (a statute enacted long subsequent to those we have been considering,) it was provided that, when unorganized counties were attached to organized counties for judicial purposes, the jurisdiction of justices of the peace in the organized counties should extend over the unorganized counties, but all costs and expenses in criminal prosecutions arising in such unorganized counties were to be audited and paid out of the territorial treasury when not collected from defendant. It would have been unjust to have placed the burden of such prosecution upon the organized county from which the warrant issued. It could not be placed upon the unorganized county, for the plain reason that the governmental instrumentalities for the collection of revenue for county purposes were entirely wanting in such counties. Hence the legislature directed that the costs of such prosecutions be paid by the territory. But it cannot be admitted that the legislature intended to provide for the fees of the justices in this limited class of cases, and leave such fees entirely unprovided for in the great mass of criminal business that should arise in the organized counties. It

simply construed existing statutes as covering all such cases. The consideration of these several statutes forces the conclusion upon us that when it declared by law what fees a justice of the peace might charge and receive in all cases, and when it required justices to make quarterly reports under oath showing an itemized statement of all their fees in criminal cases, and what amounts, if any, had been collected thereon, the legislature intended to place the liability for such unpaid fees upon the respective counties. It is not claimed in this case that there are any items in plaintiff's bill that should have been collected from the defendants in criminal cases who were convicted, or from prosecuting witnesses who had been adjudged to pay the costs; but to avoid misconception, it may be proper to add that we do not hold that, even in such cases, justices of the peace will be required to look only to such parties for their fees.

The judgment of the District Court is in all things affirmed. All concur.