NEW-YORK,
May, 1822.

JACKSON
v.
SWART.

JACKSON, ex dem. WOOD and others, *against* SWART.

EJECTMENT for five acres of land in *Gorham*, in the county of *Ontario*, tried at the *Ontario* Circuit, before Mr. Justice *Yates*, in *June*, 1821. *James Wood*, who was the husband of *Jerusha Wood*, one of the lessors, and the father of *James*, *Henry*, and *Gilbert Wood*, the other lessors, died in possession of the premises, about six years bef·re the trial, leaving four sons, viz. the three lessors above named, and *Joseph Wood*, his heirs at law. *James Wood*, the elder, and his wife, had resided· on the premises, for about 15 years before his death.

The defendant gave in evidence a deed from *Benjamin Allen* to *James Wood*, the elder, dated *November* 8, 1790, for the premises in question; and, also, a deed from the said *James W.* and his wife, to *Joseph Wood*, above mentioned, dated *December* 6, 1809, for the consideration of five hundred dollars, by which the grantors granted, bargained, sold, remised, released, aliened, and confirmed, unto the said *Joseph W.*, his heirs and assigns, for ever, seventy-four acres and one quarter of land, including the premises in question. Immediately following the description of the premises in the deed, were these words : " It is understood, that the parties of the first part reserve to themselves the use of the premises during their natural lives." The deed contained a covenant of warranty, in the usual form. *Joseph W.*, the grantee, at the time of the execution of the deed, was the infant son of the grantors, being then about 15 years of age. The defendant, then, gave in evidence a deed for the premises in question, dated *March* 6, 1817, from *Joseph Wood* and his wife, to him. A verdict was taken for the plaintiff, subject to the opinion of the Court, as to the operation of the deed from *James Wood*, the elder, and his wife, to *Joseph Wood*.

*Kirkland*, for the plaintiff, contended, 1. That the deed from *James Wood* and his wife, to their son, *Joseph Wood*,

*W.*, being seised of land, he, together with his wife, for the consideration of 500 dollars, conveyed the same to their son, *J.*, · his heirs and assigns, for ever; " *reserving* to themselves the use of the premises, during their natural lives." *W.*, the grantor, died : *Held*, that the deed could not operate as a reservation or exception in favour of the wife, who had survived, but that it was valid and effectual, as a covenant to stand seised to the use of the grantor himself, during life, and after his death, to the use of his wife, for life.

A bargain and sale, for a pecuniary consideration of a fee, to commence *in futuro*, will operate as a covenant to stand seised to the use of the persons within the consideration, according to the intention of the party, without any technical or formal words for that purpose.

NEW-YORK,
May, 1822.

JACKSON
v.
SWART.

was for a freehold to commence *in futuro*, and, therefore, void. 2. That if the deed was not void, it must be construed according to the plain intent of the parties, as expressed in the deed; and that the lessor, *Jerusha Wood*, who had survived, had a life estate in the premises. (*Plowd.* 300. *Cruise's Dig.* 32. ch. 12. s. 6—13. 2 *Wils.* 75. 1 *Johns. Cas.* 91. 11 *Johns. Rep.* 337. *Shep. Touchst.* 107. *Cruise's Dig.* tit. 22. ch. 12. s. 23. 16 *Johns. Rep.* 110.)

*J. C. Spencer*, contra. The clause in the deed, reserving the use of the premises for the lives of the grantors, is not a *reservation*, which is defined by *Coke* (*Co. Litt.* 47. *a.*) to be " always of a thing not *in esse*, but newly created or reserved out of the land or tenement demised." Here was no rent, service, or estate, newly created. An *exception* is always a part of the thing granted, and of a thing *in esse*. If any thing, this was an exception ; and if so, it is void, as being repugnant and uncertain. *Shepherd*, in his *Touchstone*, (p. 78, 79.) mentions the requisites essential to constitute a good exception. It must be part of the thing granted ; it must be of such a thing as is severable from the thing granted ; it must be of such a thing, as the person in whose favour it is made may have it. Now, the wife, in this case, could have no part of the estate as properly belonging to her. After the grant in fee of the whole estate, a part, or residuary part thereof, cannot be reserved. (2 *Bl. Com.* 164. *Plowd.* 152. 3 *Bac. Ab.* 383. tit. *Grant. Bac. Ab.* tit. *Conditions.* (L.) *Thompson* v. *Gregory*, 4 *Johns. Rep.* 81.) Besides, the exception is void for uncertainty. Can the wife of *James Wood* take, without being a grantee, or named as such ? She executed the deed merely to release her dower, as wife of the grantor. (*Hornbeck* v. *Westbrook*, 9 *Johns. Rep.* 73. 12 *Johns. Rep.* 199.)

SPENCER, Ch. J. delivered the opinion of the Court.

The questions to be decided, are, 1st. Whether the deed from *James Wood* and *Jerusha* his wife to *Joseph Wood*, is void, as conveying a fee to commence *in futuro* ; and, 2d. Whether the reservation to *Jerusha Wood* of an estate for

NEW-YORK,
May, 1822.

JACKSON
v.
SWART.

life, is valid and operative? The consideration expressed in the deed, as between the grantors and the grantee, is 500 dollars; and the deed contains the words "grant, bargain, sell," &c.; and, after describing the premises granted, are these words: "*It is understood that the parties of the first part reserve to themselves the use of the premises during their natural lives.*"

It appears that *James Wood*, the grantor, was solely seised of the premises, his wife having no interest therein, except an inchoate right of dower. The lessors are *Jerusha*, the widow of *James Wood*, he having died in possession six years since, and three of the children of *James Wood*.

On the first point, there can be no doubt, that the deed operated as a covenant to stand seised, if the estate of the grantee, *Joseph*, was to take effect after the deaths of *James Wood* and his wife. It was expressly decided, in *Jackson* v. *Dunsbagh*, (1 *Johns. Cas.* 91.) that a deed of bargain and sale, founded on a pecuniary consideration, to take effect *in futuro*, was effectual. This principle was again recognised in *Jackson* v. *Staats*; (11 *Johns. Rep.* 351.) and it is fully explained in 2 *Saund.* 96. n. 1., where the cases are referred to, and in 4 *Cruise's Digest*, p. 185—193.

It has been insisted, that *Jerusha Wood* took nothing by the deed, in the event of her surviving her husband, on the ground that an exception or reservation in a deed, in favour of a third person, who had no title or interest in the land, is inoperative. The position that a reservation or exception in favour of a stranger, is ineffectual, is undoubtedly true. It is founded on the same principle, that upon a bargain and sale, a use cannot be limited to any other person than the bargainee. The deed in question cannot operate by way of an exception, or reservation, in favour of *Jerusha Wood*. (3 *Barnewall & Alderson*, p. 66. *Co. Lit.* 47 a. 4 *Cruise*, 46.) But it has effect and operation as a covenant to stand seised, and is within the principles adopted in *Bedell's* case, (7 *Co.* 133.) and in *Goodtitle* v. *Petto*, (2 *Str.* 934.) In *Bedell's* case, the facts were, that *B.* was seised, and he and his wife, in consideration of the natural affection and paternal love which he had to his sons, *James* and *Michael*,

and for their better preferment and advancement, covenant-ed to stand seised of the premises conveyed, to the use of himself for life, and, after his decease, to the use of his wife for life; and, after their deaths, of one moiety to the use of one son, and of the other moiety to the use of the other son, in tail. The question was, whether any use arose to the wife, or not; and it was resolved, that if a man cove-nant to stand seised to the use of his wife, son, or cousin, it shall raise a use, without any express words of considera-tion; and, upon writ of error, the judgment was affirmed by all the Judges of the Common Pleas, and Barons of the Exchequer. The case of *Goodtitle* v. *Petto* was adjudged on the same principle. Again; in *Paget's* case, (1 *Co. Rep.* 154 *a.*) it was decided, that upon a covenant to stand seised, a use will arise to those who are within the consideration, though no use will arise to those who are strangers to it. It is scarcely necessary to observe, that in such a conveyance no technical words are required; such as that the grantor covenants to stand seised, to the use of *A.*, &c.; but any other words will create a covenant to stand seised, if it appears to have been the intention of the party to use them for that purpose. (*Willes' Rep.* 676.) That it was the intention of *James Wood*, in the deed to which he and his wife were parties, to make provision for her in case she sur-vived him, by securing to her the enjoyment of the premises during her life, is unquestionable. The deed, then, though it is a valid one, will not take effect until after the death of *Jerusha Wood*; and the plaintiff is, therefore, entitled to recover on that demise.

Judgment for the plaintiff.