JACKSON, *ex. dem.* Hasbrouck, *against* VERMILYEA.

EJECTMENT for 25 acres of land, including a grist mill in *Middletown*, *Delaware* county ; tried at the circuit in that county, of a part, with a claim of title to the whole, constitutes an adverse possession of the whole.

A lease of a small tract of land, *e. g.* 63 acres, and actual possession by the lessee, of a part, with a claim of title to the whole, constitutes an adverse possession of the whole.

And while it is so possessed, a conveyance, by any one except the adverse possessor, to another, of a part of the land so possessed, though it also include an adjoining parcel not so possessed, and the grantee enter upon the latter parcel, claiming to the whole extent of his conveyance, will not constitute the grantee, a constructive, or actual possessor, beyond the parcel on which he enters.

If one have constructive possession by color of title, and occupying a part ; another cannot acquire a constructive possession to the same extent, in the same manner ; but though the latter enter on part, with color of title to the whole, and claim the whole, his possession will be confined in extent, to the part which he actually occupies.

An exception of a mill site, in a grant or lease, operates as an exception of the soil of the mill site ; and so much land as is necessary for the mill pond, and for erecting and carrying on the business of a mill.

It is not the reservation of a mere easement ; but of the soil itself ; and the grantor or lessor, or his assigns, may enter upon and locate under the exception, even after the grantee, or lessee, has conveyed, or assigned, or mortgaged his interest to another.

county, *September 1st*, 1823, before NELSON, C. Judge; when a verdict was taken for the plaintiff, subject to the opinion of this court, on a case.

*Ruggles* and *Hasbrouck*, for the plaintiff, cited 16 *John.* 184; 4 *id.* 81; 10 *John.* 435.

*Sherwood* and *Parker*, contra, cited 2 *Cowen*, 283; *Runn. on Ej.* 113; 1 *Wils.* 220; *Bull. N. P.* 110.

The facts are stated in the opinion of the court, which was delivered by

WOODWORTH, J.   The plaintiff claimed title as the assignee of a mortgage, executed by *Noah Ellis* to *Phillip Sickler*, dated *October 5th*, 1811.

The premises described, contained 25 acres; and included part of a grist mill in possession of the defendant. It appeared that *Ellis* was in possession of the premises at the date of the mortgage, by virtue of a lease from Gen. *Armstrong* to him, and continued in possession for several years thereafter, when he surrendered to the mortgagee.

The defendant disclaimed having possession of any part of the 25 acres, excepting the mill and mill site.   He read in evidence, a lease from *Armstrong* to *Andrew Sickler*, dated *October 10th*, 1818, for the mill and mill site, and 25 acres of land, being the premises in question; which lease was assigned to the defendant.   A lease from *Armstrong* to *Ellis*, dated *May 1st*, 1802, was given in evidence by the plaintiff.   It was admitted to have lately come from the hands of *Armstrong*.   The signatures were erased, and the seals torn off.   A corner of the lease with part of the description of the premises were also torn off.

By the case, the lease was to be produced on the argument; it has not been delivered to me.   I am, therefore, unable to say, whether it contained any reservation of part of the premises.   This fact is then to be ascertained by the testimony of *Ellis*, which was not objected to.   He says the lease was in his possession, when the mortgage was given; that the corner was torn off accidentally; that the seals remained on as long as he held it.   The description

of the premises included a part of the mill. *Ellis* also testified, that he did not know that the defendant had ever been in the actual occupation of any part of the premises, excepting the mill and pond. He could not say from recollection, but he believed the lease contained an exception of mill sites, from the circumstance of his obtaining permission from *Armstrong* to build the mill; and from knowing that mill sites were excepted in all his leases. The witness never claimed the mill site under his lease. On this state of facts, I think we are to consider, that, in in the lease to *Ellis*, the mill site was excepted. I presume by inspection of the lease, it cannot be determined whether excepted or not. This, however, is not expressly stated. I apprehend that neither party would be disposed to rest on parol testimony, as to the contents, unless the lease had been defaced, or a part of it destroyed.

On this statement, the plaintiff made out a title to recover the 25 acres, excepting so much as was comprehended within the mill site reserved; provided the defendant was in possession of the land not included in the mill site. He admitted he had possession of a part, (the mill and mill site,) not exceeding two acres. The plaintiff offered no testimony as to the extent of the defendant's actual occupancy; but contends that, as *Armstrong* conveyed to the person under whom the defendant derives title, the whole 25 acres, the defendant·is to be considered as the possessor to that extent.

It appears that the premises are wood-land. There are no improvements. The right of *Ellis* passed to the plaintiff by virtue of the mortgage. The land has never been actually occupied; but it will be recollected that the lease to *Ellis* contained 63 acres, of which the 25 acres mortgaged, were parcel; that *Ellis* actually occupied a part of the 63 acres, and claimed title to the whole; so that, although the 25 acres were unimproved, he had a good adverse possession to the whole, on the ground of occupancy of a part, and a lease including the 63 acres. The conveyance obtained from *Armstrong* in 1818, although it includes the 25 acres, conferred no title to any thing but

the mill site ; neither can it operate so as to transfer to the defendant a constructive possession of the 25 acres, in consequence of his having possession of the small parcel comprising the mill site.

I think the defendant must be considered as claiming title to the 25 acres; having accepted an assignment of the lease which comprised them.

Color of title under a deed, and occupancy of a part, is sufficient proof to constitute an adverse possession to a single lot. (1 *Cowen*, 286.) This principle applies only to cases where there is no actual occupancy under a different claim. Thus, if A. takes a lease or conveyance for a lot of 63 acres, and improves a part, his possession is valid for the whole lot; not on the ground of having title, which draws the possession after it, until an actual adverse possession commences; but on the ground of a claim of title to the whole, and a possession of part, which constitutes a good adverse possession. When a valid possession is acquired in the latter mode, it cannot be defeated by a subsequent entry on the same lot, making an improvement of a part, and obtaining title to the whole. The effect of such subsequent entry would be, to give the person so entering, a possession of the part actually occupied and improved; but no farther. A constructive possession to the unimproved part of the lot, would remain in him who made the first entry under claim of title, and improved a part. Apply this principle to the present case. The possession under *Ellis*, of the 25 acres, was not impaired by the assignment of the lease of 1818, to the defendant; and occupation of the mill by him. It appears that *Ellis* never claimed the mill site. The consequence is, that the defendant was not in possession of the 25 acres, except that part thereof which constituted the mill site ; and for that portion the plaintiff is not entitled to recover.

Neither can he recover that part which is covered by a part of the mill and the pond, supposed to contain not more than 2 acres; because *Armstrong*, having reserved mill sites in his lease to *Ellis*, afterwards granted the same by a conveyance under which the defendant claims. And although

there is no specific description of the quantity of land reserved, it must be intended to include so much as might reasonably be required for the purpose of erecting and carrying on the business of a mill.    The defendant has located and entered upon a small parcel for that purpose ; which the facts in the case do not enable me to say was unreasonable or too extensive.    It is contended that the reservation was merely an easement or privilege ;  but this is evidently a mistake.    A mill site is reserved, which is a reservation of so much land as may be necessary for the purpose of erecting and working a mill.    The plaintiff has not shewn how much land the defendant actually occupies as a mill-site.    The defendant admits the quantity of two acres.    Under his grant, he must be considered as having located this parcel, as appurtenant and necessary to the mill.    There is nothing in the case to shew that this was too extensive.    It is not material, whether the location was made before or after the execution of the mortgage ; for if the mill-site was reserved, no right to it was acquired by the mortgage ;  and the defendant might actually enter on, and locate the premises, as well after as before.

I am, therefore, of opinion that, as to the mill-site on which the mill was erected, the defendant has shewn title ; and as to the 25 acres of woodland, the defendant was not, in judgment of law, the possessor.    Consequently the defendant is entitled to judgment.

Judgment for the defendant.