SAYERS *et al.* v. THE CITY OF LYONS.

10   249
119   258

10   249
141   261

1. CONSTRUCTION OF A GRANT: DESCRIPTION. In the construction of a grant for the purpose of determining the location of the land granted, courses and distances will be varied when necessary to make them conform to natural or artificial monuments, or objects fixed by the terms of the grant as boundary or locative calls.

2. SAME. When one call of a grant was the corner of a lot in an incorporated town, and another the low water line of a navigable stream, it was held that both must be adhered to in determining the location

of the land granted, even when they do not correspond with the courses, distances and quantity named in the description.

3. RELIEF: STREETS IN AN INCORPORATED CITY. The legislature by the "Act to incorporate the City of Lyons," approved January 24th, 1855, granted to the corporation of the City of Lyons the control of the public streets, alleys and landings in that city, and a court of equity has no power to restrain the removal by the authorities of said corporation of a building standing in a street and landing, even when it is shown, that it was erected on such public ground in good faith; that the corporation acquiesced in the owners' claims of title to the same, and that they were willing to remove it within a time to be fixed by the court.

*Appeal from Clinton District Court.*

WEDNESDAY, DECEMBER 28.

THE town of Lyons was platted, certified and recorded, by the owners of the land upon which it was situated, in 1840. Upon the petition of the citizens of said town, the General Assembly of the State of Iowa, by an act passed January 19th, 1845, (Session Laws 1845, page 109) granted to David W. Fisher, a certain parcel of land in Water street, described as follows : "to commence one hundred and eighty feet due east of the south east corner of lot one, block five, in Lyons, and north of Main street, thence running one hundred and fifty feet due north, thence east one hundred and twenty feet to the place of beginning, containing eighty rods more or less." This grant was coupled with a condition "that said Fisher shall, within one year and six months from the passage of this act, build or cause to be built, a warehouse thereon, at least thirty by sixty feet, two stories high." A warehouse of the size required by the condition was erected by Fisher, the south west corner of which was on the north line of Main street, one hundred and eight feet eastwardly from the south-east corner of lot number one in block number five.

In 1855, the City of Lyons was incorporated by an act of the General Assembly, conferring upon the corporation the control of the public streets, alleys and landings on the

river. In May, 1857, the city council directed the marshal to serve a notice upon the appellants, requiring them to remove said warehouse as an obstruction to the landing, and further directing that officer, if the building was not removed within the time fixed, to remove it at the expense of the owners. On the application of the appellants an injunction was granted, restraining the authorities of the city from interfering with, or disturbing said building. The locality described in the grant to Fisher, and in the pleadings is represented in the following diagram:

The appellants claim that as the calls of the grant are inconsistent, the words "one hundred and eighty feet due east of the south east corner of lot one," should be disregarded; that the location of the land granted should be ascertained by a survey commencing at the point where the north line of Main street intersects the low water line of the Mississippi River (designated by the letter A on the above diagram), running thence along the line of Main street,

west, one hundred and twenty feet to the point marked B (at the south west corner of the warehouse,) thence in a northerly direction, one hundred and fifty feet to the point marked C, thence eastwardly one hundred and twenty feet to the low water line of the Mississippi, at the point marked D, thence with said line to the place of beginning. The appellee claims that the survey should commence at the south east corner of lot number one, marked E, running thence due east one hundred and eighty feet, to the point marked f which is the south-west corner of the land granted, thence north one hundred and fifty feet to the point marked g, thence east to the low water line at the point marked h, thence south with said line one hundred and fifty feet to the point marked i, thence to the place of beginning at f.

Appellants' bill alleges that the petition of the citizens of Lyons, asking for the grant, was accompanied by a plat of the town; that the petition particularly pointed out the locality of the tract upon which the warehouse was subsequently erected, which description as to place is identical with the one now claimed by them; and that the place occupied by the building was marked upon the map. It is further alleged that it was generally supposed at the time the grant was made that "Main street run due east and west," but that an accurate survey makes it run fifteen degrees south of east.

Upon the hearing the injunction was dissolved, and the bill dismissed. The plaintiffs appeal.

*James Grant* for the appellants, insisted that as the calls of the grant are inconsistent, the entire grant must be reasonably construed, and in such manner as will not make it void. 1 Greenl. Ev. section 301; *Boardman* v. *Reed & Ford's Lessees*, 6 Pet. 328, 345. That where a description is ambiguous or doubtful, parol evidence of practical construction, by occupation or otherwise, will be received, 1 Greenl. Ev. section 301, note 2. A statute will be construed against its letter when necessary to arrive at its true sense,

Sedg. Stat. and Const. L. 298; *Canal Company* v. *Railroad Company*, 4. Gil. & John. 152; *Brown* v. *Joneswick*, 8 Maryland 444; Bac. Abr. Stat. 1; *Jackson* v. *Collins*, 3 Cow. 89; *People* v. *Utica Insurance Company*, 15 John. 358; *Henry* v. *Tilson*, 17 Verm. 479. When a legislature passes an act upon a petition, and the interpretation is doubtful, the petition can be resorted to for the purpose of ascertaining the meaning of the legislature, *Furman* v. *The City of New York*, 5 Sand. S. C. 17. Where a deed calls for the line of a river as a boundary, it must have that boundary, though it does not correspond with established corners and monuments, *Shelton* v. *Maupin*, 16 Mo. 124. 2 Hil. Real Prop. 346, goes to the point that where two or more monuments are named, one only of which may be designated, parol evidence is admissible to show which was intended.

*Wm. E. Leffingwell* for the appellee, to the point that course and distance must yield to known and fixed monuments when they can not be reconciled, cited *Howe et al.* v. *Bass*, 2 Mass. 380; *Peswam* v. *Wead*, 6 Ib. 131; *Revere* v. *Leonard*, 1 Ib. 91; *Brick* v. *Young*, 11 N. H. 485; *Mayhew* v. *Norton*, 17 Pick. 357; *Frost* v. *Spaulding*, 19 Ib. 445; *Mann* v. *Toles & Pearson*, 2 John. 37; *Allison* v. *Allison*, 1 Yerg. 16; *Preston Heirs* v. *Bowman*, 6 Wheat. 588; *McIvers Lessee* v. *Walker et al.*, 9 Cranch. 173; to the point that the courts will not correct mistakes in description made by the legislature, *Fletcher* v. *Peck*, 6 Cranch. 185; *The Miners Bank* v. *The United States*, 1 G. Greene 565.

The following questions were elaborately discussed by counsel: 1. Can the legislature grant a part of a public street in an incorporated city to an individual? 2. Has the legislature the power to grant the soil between high and low water mark in the Mississippi to an individual? As these questions are not passed upon or discussed in the opinion of the court, the authorities cited by counsel in support of their respective positions, are omitted.

STOCKTON, J.—Without deciding the question whether the legislature of the territory of Iowa had any power or authority to authorize David W. Fisher to build a ware house on the public ground of the town of Lyons; and without deciding what right or interest in the said public grounds passed to said Fisher and to his assignees, the present complainants, by virtue of the act of January 19th, 1846; there is one view of the subject which we think is decisive of the rights of the parties, and must result in the affirmance of the decree of the District Court.

Whatever rights were conferred upon Fisher by the act, there is no doubt but that he must be strictly confined within the limits of the tract of land assigned by it. The right to build a ware house on one portion of the public grounds, gave him no right to erect his building on an entirely different portion. The act of the legislature defines the portion of the public grounds on which Fisher was authorized to build a warehouse, as "commencing one hundred and eighty feet due east from the south-east corner of lot one, in block No. five, in the town of Lyons." This is the point of beginning; it is to be first established and then the other lines and corners are to be governed by it. It is conceded that if this construction is adopted, no part of the ground claimed by the complainants, and no portion of the warehouse is located within the boundaries designated by the legislature.

Where the courses, distances, and quantities of land contained in a grant correspond with natural or artificial monuments or boundaries referred to in the description of the premises, there can be no difficulty in making a particular location of the grant; but when such location cannot be made to correspond with all the calls of the grant, certain legal rules must be observed as to rejecting some calls and retaining others. Where several particulars are given, all of which are necessary to ascertain the location of the land intended to be conveyed, nothing but what will correspond with all those particulars will pass by the grant. But if there be certain particulars sufficiently ascertained to locate

the grant, the addition of a false or mistaken particular or boundary may be rejected. *Wendell* v. *The People*, 8 Wend. 183. Thus if a lot be described by a wrong number, yet if it is also described by fixed and known monuments, the wrong number may be rejected. *Jackson* v *Loomis*, 19 John. 449. So if a lot be described by its right number, but there is a mistake as to one of its boundaries, the lot may be located by its number and by reference to a map, and the mistaken corner rejected. *Jackson* v. *Marsh*, 6 Cow. 681. It is a general rule of construction that courses and distances must give way to natural or artificial monuments or objects; and courses must be varied and distances lengthened or shortened so as to conform to the natural or ascertained objects or bounds called for by the grant. 4 Hen. & Munf. 125; 5 Cow. 371; 4 Wheat. 444. Any visible or defined object fixed upon by the terms of the grant as the boundary or locative call of the premises, such as a marked tree or clearing, *the corner of a lot,* or the land of another person, which is certain or notorious, must be adhered to in the location of the grant, although it does not correspond with the course, distance or quantity, which must all give way to such known boundaries. *Jackson* v. *Widger*, 7 Cow. 723; *Pernam* v. *Wead,* 6 Mass. 131; *Wendell* v. *The People,* 8 Wend. 183. Guided by these rules, there will be no difficulty in defining the point of beginning of the premises described in the grant to Fisher. Lot one, in block five, in Lyons, is a known and fixed object or monument; and a point one hundred and eighty feet due east from the south-east corner of this lot is the beginning point of the portion of public grounds in the town of Lyons, in which Fisher was authorized to build a warehouse. With this corner established, as the east boundary line is the low water mark of the Mississippi river, it will not be difficult to lay down the premises with precision. The lines are to be run with the cardinal points of the compasss; and whenever it may be requisite, courses and distances, as well as quantity, are to give way to natural and artificial monuments. As the corner of lot one

in block five, and low water mark of the Mississippi river are such monuments, the north and south lines of the survey, though described in the act as one hundred and twenty feet long, are to be of such length only as shall make the east line coincide with the line of low water of the Mississippi river. This we think is the true construction of the act. The beginning corner being first established, from a known monument, the other lines and corners are easily determined from it.

The claim of the plaintiffs that the beginning corner should be in a line with Main street, is inconsistent with the description of such corner in the act, as being one hundred and eighty feet due east from the south east corner of lot one, block five. Nor can the call for the Mississippi river as the east line, control the call for the beginning corner. Both may stand with entire consistency. Lot one, in block five, though not so notorious as the Mississippi river may be quite as easily ascertained and established as the line of low water of the river.

But admitting that the beginning corner should be in a line with Main street, no location of the premises with the beginning corner, one hundred and eighty feet from the south east corner of lot one in block five, in the line of said street, could be made to include the warehouse erected by Fisher. We are of opinion, therefore, that the warehouse was not built upon the ground designated by the act of Assembly, and that the complainants nor their grantor have derived no right or authority under it.

It remains to notice a portion of the complainants' petition in which they aver, that if by mistake the said warehouse was not erected by Fisher on the land designated in the act, that a court of equity will permit his assignees to remove the warehouse on to the proper ground; the same having been erected in good faith on the land supposed to have been designated in the act, and Fisher and his assignees having had the peaceable and interrupted possession of the same since its erection in 1847. It is also urged that the

City of Lyons has acquiesced in the title of the said Fisher and his assignees, by levying and collecting taxes on the property. And this is made the ground of a prayer that the city may be enjoined from removing said buildings, until the complainants may themselves remove it to its proper location.

We think there is no power in the courts to interfere in the matter, or to grant to the complainants the relief prayed. Whatever right the legislature of the Territory of Iowa may have had to authorize the erection of the warehouse, in the year 1846, it is clear to our minds that the legislature of the State of Iowa has, since that time, granted to the defendant, The City of Lyons, the entire and exclusive control of the landing on the Mississippi river in said city, and the power to remove obstructions from the same. And the city counsel of said city have exercised their jurisdiction and authority in the premises by requiring the removal of all buildings from the public landings, and among others the warehouse claimed by complainants, as an obstruction thereto. The application of complainants must therefore be made to the city council, as the only rightful authority having control of the matter. This court could not, in opposition to this authority, exercised in good faith, either extend the time allowed for the removal of the building, or direct to what place it should be removed.

Decree affirmed.