By the Court.*—Monell, J.
The second cause of action stated in the plaintiff’s complaint, namely, the injury occasioned by the negligent act of the defendants while in possession of the premises, this court, clearly, has not jurisdiction to try. This cause of action is for an injury to real property; is local in its nature, and must be tried in the State where the real property is situated. The distinction between local and transitory actions, as stated by Ch. J. Marshall (Livingston v. Jefferson, 1 Brockenb., 203) is, that actions are to be deemed transitory where the transactions upon which they were founded might have taken place anywhere: but are local where the cause of *296 action was in its nature necessarily local (Watts v. Kinney, 6 Hill, 82). Injury caused to real property by the negligent act of another, like permissive waste, is necessarily local.
If, however, the action for a breach of the agreement entered into between the partiés can be sustained, I can see no jurisdictional difficulty in the way. That cause of action is for a breach of a covenant contained in a contract, and the action is necessarily upon the contract; and we, having obtained jurisdiction over the parties, can entertain jurisdiction of the cause of action. Actions upon contract have always been regarded as transitory, and are equally so, whether they relate to real or personal property (Sutphen v. Fowler, 9 Paige, 280; Massie v. Watts, 6 Cranch, 148). . The claim is for damages for not performing a contract; the recovery, if any, must be personal, and cannot affect the real property.
This brings me to the remaining question in the case, namely, has the' plaintiff shown any cause of action ?
I have already disposed of the question of negligence, being of"opinion that all evidence on that subject was inadmissible, this court not having jurisdiction of such a cause of action.
I do not think the relation existing between the parties intermediate the delivery of the deed and the 19th of September, was that ’of landlord and tenant. The defendants owed no such duty to the plaintiff as is expressed or implied in cases of tenancy. Their right to retain possession was determined by the limitation in the contract; but it was a mere retention of possession, the estate proceeding from the defendants, which was not affected or defeated by the subsequent delivery of the deed (Bogart v. Buckhalter, 2 Den., 125; Miller v. Avery, 2 Barb., 582). This is more especially so, as the deed continues the right in express terms.
Although possession, or the right of possession, follows the delivery of the deed, it is competent for the grantor to reserve the possession to himself for a determinate or indefinite period, either in the deed, or by a cotemporaneous instrument not merged in, or extinguished by the deed. Such reservation does not constitute a tenancy.
In Provost v. Calder (2 Wend., 517), the grantor reserved to himself and his heirs the exclusive right,, to a stream of water running through the land, and subsequently demised the privilege of erecting a dam and using the water, to a lessee. The *297 reservation was held to he valid. In this case it was said, a man may grant a messuage with the appurtenances, reserving '' one of them. So, too, he may grant a tract of land, reserving all mines, and he may grant a tract of land, reserving all mill sites, and such a reservation is valid.
In Dygert v. Matthews (11 Wend., 36), a reservation, out of the grant, of so much land as is necessary for the use of a grist mill, was sustained.
" In Jackson v. Swart (20 Johns., 85), the grantors reserved to themselves the use of the premises during their natural lives, and the question arose whether the deed was void, as conveying a fee to commence in futuro; and it was held that the deed operated as a covenant to stand seized, if the estate of the grantee was to take effect after the deaths of the grantors. And the case of Jackson v. Dunspagh (1 Johns. Cas., 91), is referred to, where it is expressly decided that a deed of bargain and sale, founded on a pecuniary .consideration, to take effect in futuro, was effectual.
In all these cases, where the reservation has been clear, and the intention of the parties undoubted, it has been sustained; and that, too, whether it was of a part only, or of the whole of the granted premises.
In this case the reservation is of the possession, which carries with it the use of all the granted premises for a definite period. And, in my view, it is not material whether we look for the reservation in the contract between the parties, or in the deed; the former, as we have seen, not being extinguished by, or merged in the latter, either is effectual and operative; although the deed may be resorted to as furnishing evidence of the intention to make the reservation, if further evidence was needed.
If it is true, then, that the reservation of the possession of the whole of the granted premises was effectual, and the defendants had the right to continue to occupy them until the 19th of September (or the 22nd, as named in the deed), then it follows there was no actual delivery of .the premises, nor had the plaintiff any right of entry at the time of the happening of the fire. In short, the grantees had not at that time delivered, nor ■ did they, until some time afterwards, deliver possession of the premises to the grantee. The contract remained executory, and the execution and delivery of the deed, though it conveyed the legal title, was only a partial performance of the contract, and *298 did not carry with it thé possession, nor the right to the possession, until the expiration of the period reserved to the grantors to occupy and possess the premises.
Such possession was not under, nor in subordination to, the rights of the grantee. It was created by the act and deed of the grantors, and originated at the time that the legal estate was passing from them. Such legal estate, however, did not vest in the grantee m presentí / and , as respects the possession, was suspended, or, as I might better express it, did not take effect, until the termination of the right which the grantors had reserved to themselves.
I have thus endeavored to show that the relation of landlord and tenant did not exist between the parties; and I have spent more time in this effort than I should have done, had not the able argument of the counsel for the appellant raised a doubt in my mind on the subject. But I cannot yield my judgment to his convictions, in the face of principles and authority which are to me most satisfactory.
The act of the parties, as evidenced by their written contract, was the selling and buying of the premises in question \ hence, the relation between them was that of vendor and vendee. The plaintiff, as vendee, became the equitable owner of the estate, and, according to well-settled principles, could be compelled to pay the consideration, even though the estate itself should be destroyed between the date of the agreement, and the conveyance (Sugden on Vendors [6th Am. Ed.], 468). From the time the contract was stated by the parties, the premises were at the risk of the vendee, who had an insurable interest, and could have protected himself from loss by fire. At any rate, as he was entitled to any benefit which might accrue to the estate in the interim between the contract and deed, he must také the risk, and bear the burthen of loss.
But even if this were not not so, the acceptance of the deedby tlie plaintiff, after the fire, with knowledge of the loss, would extinguish any right to indemnity he otherwise might ■ have had (Paine v. Miller, 6 Ves. Jr., 349).
I think the plaintiff has failed to show any cause of action against the defendants, and that the justice decided correctly in dismissing the complaint.
The order appealed from should be affirmed, with costs.
*299 Robertson, J.
The agreement for the exchange of land in this case, permitted the defendants to retain possession of the real estate, to be conveyed by them, until a time subsequent to that when the destruction of the mill therein complained of in this case occurred, when they were to deliver possession of the same to the plaintiff. The deed actually delivered, conveyed the premises in presentí, subject to a possession of them by the defendants, until three days after the time fixed in the agreement, when they agreed to deliver possession of the premises to the plaintiff. Ho rent was agreed to be paid for such occupation, nor was anything else required to be done from which it could be inferred that the relation of landlord and tenant existed between the parties. The question then is, whether such deed operated to convey the estate, to begin only from the date fixed in such clause, leaving the estate in the defendants, and no relation subsisting between the parties until then, or whether the defendants conveyed the whole estate in fee, taking back an estate for the period during which they were to retain possession.
An exception must be part of the thing granted, wherein it differs from a Reservation, which is not part of it, but some new thing issuing out of it (Craig v. Wells, 1 N. Y. [1 Comst.], 315). Words of reservation may create an exception, however (Provost v. Calder, 2 Wend., 517; Borst v. Empie, 5 N. Y. [1 Seld.], 33), and sometimes an implied covenant or estoppel (Case v. Haight, 3 Wend., 632). On the other hand, words of exception may create a reservation (Dygert v. Matthews, 1 Wend., 35). An exception must be certain, and what would otherwise be an exception may be construed as a reservation in order to prevent its being void for uncertainty (Thompson v. Gregory, 4 Johns., 81), but it must be construed as the former, if it can be reduced to certainty (Jackson v. Vermilyea, 6 Cow., 677). The reservation of an estate for life in the grantors of an estate in fee (husband and wife), although void as such, was held to create a covenant to stand seized for the use of the survivor (the wife), although a conveyance in fee to take effect in futuro might be void (Jackson v. Swart, 20 Johns., 85), except under the statute of uses (Jackson v. Dunspagh, 1 Johns. Cas., 91).
It is not material whether there can be a technical reservation of an estate in the premises or not, provided the deed *300 can be construed so as to prevent an estate from vesting until some future day. The Revised Statutes make it the duty of courts to carry into effect the intent of parties in an instrument affecting real estate, so far as it can be gathered from the whole (1 Rev. Stat., 748, § 2). There can be no doubt, that by the deed in question in this case, the defendants intended only to create an estate in the plaintiff, to begin at the end of their possession. Ho relation, therefore, of landlord and tenant existed, and no right of action could accrue for waste.
The plaintiff had an insurable interest in the buildings burnt,- but the defendants had not (McLaren v. Hartford Fire Ins. Co., 5 N. Y. [1 Seld.], 151). They were not bound to restore them either under the agreement (Sugden on, Vendors, 6th Am. Ed., 468), or the deed, which contains merely a covenant to deliver possession of the premises, but not in the same condition as they were at its date.
It is not necessary, therefore, for me to express any opinion as to the ability of the plaintiff to maintain an action hi the State for permissive waste on land in Hew Jersey.
I therefore concur in the judgment of affirmant.

Present, Mongrief, Robertson and Monell, JJ.