Colegrove v. Breed.

## COLEGROVE vs. BREED and others.

A suit against the trustees of a school district to recover teacher's wages does not abate and is not discontinued by the expiration of the defendants' term of office and the choice of other persons to succeed them.

If, where the suit is in a justice's court, their successors voluntarily appear and consent to be substituted as defendants, such substitution should be made and the suit should proceed against them. *Per* BEARDSLEY, J.

But a justice of the peace has no power to compel the substitution of new parties in a suit before him, the provision in 2 *R. S.* 474, § 100, not being applicable to justice's courts.

Where the new trustees do not apply to be substituted, the suit against the old ones should proceed; and if a recovery is had, they are entitled to be allowed the amount in their official accounts.

ERROR to the Chenango C. P. Colegrove sued Breed and the other defendants in error before a justice of the peace and declared against them as the trustees of school district No. 10 in the town of Lincklaen, for the services of his son as a teacher of the common school in that district. The defendants pleaded the general issue and the cause was adjourned to a future day at the instance of the defendants. On the adjourned day the parties appeared and the defendants moved the justice to dismiss the suit on the ground that since the adjournment their office of trustees had expired, that the annual district school meeting had been held and that other persons had been chosen trustees in their places. The plaintiff admitted the facts stated

but insisted that the defendants were still liable. The justice however sustained the motion and rendered judgment in favor of the defendants for their costs. The common pleas affirmed this judgment and the plaintiff brought error to this court.

*J. Wait,* for the plaintiff in error.

*R. O. Reynolds,* for the defendants in error.

*By the Court,* BEARDSLEY, J. The justice erred in dismissing the cause and rendering judgment against the plaintiff on the ground that the official term of the defendants had expired, and other persons had been chosen in their stead. Upon this the statute is direct, for it declares that "no suit commenced by or against any officers named in this article" (and trustees of school districts are of the number) "shall be abated or discontinued by the death of such officers, their removal from, or resignation of their offices, or the expiration of their term of office; but the court in which any such action shall be pending, shall substitute the names of the successors in such office, upon the application of such successors, or of the adverse party." (2 *R. S.* 474, § 100.) If the successors of these defendants had applied to be substituted as defendants in the suit, that should have been done; but no such application appears to have been made on their part, nor did the plaintiff apply to compel such substitution. Had he done so, I think the application would have been unavailing; for that branch of the statute which authorizes the adverse party to apply for and compel a substitution of new parties is inapplicable to a justice's court. Although the defendants in cases of this description are prosecuted officially, still the judgment when recovered binds them personally. (*Id.* 476, § 108.) Such a judgment can in no case be legally rendered, until the court has acquired jurisdiction over the persons of the defendants. If they appear and consent to be substituted in that character, that gives the justice jurisdiction over them; but I am not aware of any mode by which the new trustees of a school district can be compulsorily required to appear as defen

dants in an action pending against their predecessors, before a justice of the peace. As this has not been provided for, that clause of the section which authorizes the adverse party to apply for a substitution, cannot be extended to cases pending in the justice's court. In the present case the new trustees made no request to be substituted, and the plaintiff could not compel them to become defendants. The suit therefore should have proceeded, and if a good cause of action was shown the plaintiff should have had judgment in his favor. In that event the judgment must have been paid, and the defendants reimbursed as provided by the statute. (§ 108, *supra*.) The judgment of the common pleas and that of the justice should be reversed.

Ordered accordingly.