BOARD OF EXCISE OF ONTARIO COUNTY, Respondent, *v.* LE-
MAN B. GARLINGHOUSE, Appellant.

PETER S. BONESTEEL and others, the Board of Commissioners
of Excise of Ontario county, Respondents, *v.* LEMAN B.
GARLINGHOUSE, Appellant.

THE SAME *v.* THE SAME.

THE SAME *v.* THE SAME.

THE SAME *v.* THE SAME.

The county commissioners of excise under the excise act of 1857 are super-
seded by the town commissioners authorized by the excise act of 1870,
and are by that act removed from office and deprived not only of the
power to grant licenses, but to prosecute for penalties or perform any
other duty as commissioners.

Actions for penalties commenced by the county commissioners before the
passage of the act of 1870 are not thereby abated, but may be continued
by the town commissioners, who may be substituted as their successors in
office within their respective localities; and, until such substitution, the
action will proceed in the name of the original parties.

(Argued March 21; decided March 28, 1871.)

APPEAL from an order of the General Term of the Supreme
Court of the Fourth department, affirming an order of the
Special Term denying a motion " to set aside and dismiss the
(above mentioned) causes."    Other facts sufficiently appear in
the opinion of the court.

*George F. Danforth*, for the appellant, cited *Brown* v.
*Osborn* (2 Cow., 457); *Butler* v. *Palmer* (1 Hill, 324);
*Smith* v. *Banker* (3 How. Pr., 142); *Moore* v. *Westervelt* (3
Sandf., 762, 765); *Harrington* v. *Trustees of Rochester* (11
Wend., 547).

*E. G. Lapham*, for the respondents (after objecting that the
Supreme Court had no power to grant the relief, and, therefore,

properly denied the motion), upon the merits, cited *Pruyn* v. *Tyler* (18 How., 331); *Van Rensselaer* v. *Secor* (32 Barb., 469); *Berly* v. *Runpacher* (5 Duer, 183); Dwarris on Statutes, 676; *Butler* v. *Palmer* (1 Hill, 375); *Coms. of Excise* v. *Harvey* (39 How., 191); *Coms. of Excise* v. *Willey* (35 Law Jour., 175).

CHURCH, Ch. J. This is an appeal from an order denying motion to dismiss and set aside the above causes made on the ground that the plaintiffs cannot prosecute the same by reason of their removal from office, by virtue of the excise act of 1870. The actions were commenced before the passage of that act. One of them is pending in the Supreme Court. In the others, judgments have been obtained in the justice's court, one of which is pending on appeal in the County Court, one has been affirmed in the the County Court and Supreme Court, and in the other two, the appeal to the County Court has been dismissed, and on appeal to the Supreme Court, the order of dismissal affirmed. The papers do not disclose the precise condition of the cases at the time of the passage of the act of 1870, and it is unnecessary to distinguish between them for the purpose of determining the effect which the defendant's construction of that act would have upon judgments previously rendered or to determine whether the appeal is properly brought in all the cases. We prefer to pass upon the merits of the question involved, viz : What effect the act of 1870 had upon the county commissioners authorized to be appointed by the excise act of 1857.

We think that the county commissioners under the act of 1857 were superseded by the commissioners authorized to be appointed by the act of 1870, and were, by virtue of that act, removed from office not only as it respects their powers to grant licenses, but to prosecute for penalties or to perform any other duty as commissioners of excise. These statutes must be construed in *pari materia* by virtue of the sixth section of the act of 1870, which provides that the provisions of the act of 1857 " except where the same are inconsistent

or in conflict with the provisions of this act, shall be taken and construed as *a part of this act* and be and remain in full force and effect throughout the whole of this State."

The provisions of the act of 1870, relating to the appointment of excise officers, are manifestly inconsistent with similar provisions in the act of 1857. The mode of selection and appointment, their tenure and compensation, are different, and yet they are substantially the same officers, except that those appointed under the act of 1870, are restricted in jurisdiction to the cities, villages and towns for which they are respectively appointed. Excise officers have always existed in the State, and certain general powers and duties have been performed by them, which are well understood and would be recognized by reference to the name of the office itself. Besides the principal duty of such officers, that of granting licenses, is expressly conferred upon the excise boards appointed by the act of 1870. The principal purpose of the act of 1870, seems to have been to change the excise boards from county boards to town, village and city boards, so that each locality would be assured of that personal knowledge, supervision and vigilance, deemed to be indispensable to the proper discharge of the important duties committed to their charge, in determining the proper persons to whom licenses should be granted, as well as the circumstances justifying the exercise of that power. Similar considerations are equally applicable to the duties of discovering and prosecuting infractions of the law. County boards in the discharge of both classes of duties, would necessarily be obliged to rely upon the information and representation of others, while the local officers could ascertain the fact for themselves, or at least verify the correctness of information by others, by personal observation and inquiry. It is not to be presumed that the legislature intended to duplicate this class of officers, and without any apparent reason, but against the plainly indicated theory of the act provide for two sets of officers, one to grant licenses and the other to prosecute for penalties. To find such an intention would require the clearest expression of language. Actions are

authorized by public officers in matters growing out of their public duties in a great variety of cases, but the appointment or existence of public officers for the sole purpose of instituting legal proceedings in civil cases has no precedent in this State. It is therefore very clear that the excise boards authorized by the act of 1870 were intended to be substituted for those authorized by the act of 1857.

It has been suggested that prosecutions for penalties by county commissioners are not inconsistent with the act of 1870, for the reason that the power of granting licenses is specifically conferred upon the local boards by that act, while the power to prosecute for penalties is not, and therefore that this latter power may be exercised by the county commissioners. This position is untenable. Both powers are specifically conferred. All the provisions of the act of 1857, relating to the appointment of county commissioners, are, as we have seen, repealed. They are out of the act. There are no such officers and no power to appoint any. The provisions of the act of 1870, relating to the appointment of local boards are substituted. All provisions of the act of 1857, not inconsistent with the act of 1870, are retained, and are as effectually and legally as much a part of the latter as if they had been copied into it and re-enacted. They are expressly made "a part of this act." Striking from the act of 1857 the provisions in relation to the appointment of county commissioners, and inserting those of the act of 1870, on the same subject, and reading the unrepealed portions of the act of 1857, in connection wih such substitution, and the meaning is perfectly plain. Such unrepealed portions of the act of 1857 as designates "commissioners of excise," or "boards of commissioners of excise," would then refer and apply to the commissioners or boards authorized by the act of 1870. The penalties in the act of 1857 are not repealed; nor is the twenty-second section of that act repealed. It reads as follows: "The penalties imposed by this act, except the penalties provided by sections eight, fifteen and nineteen, shall be sued

for and recovered in the name of the board of commissioners of excise," etc.    What board?    Manifestly the board authorized by the act of 1870, the provisions in relation to which occupy the place of the original provisions on that subject in the act of 1857.    The difficulty on this subject has, I think, arisen from not properly blending the two statutes, and reading them as one.    The power to grant licenses is no more expressly conferred upon the new boards by the act of 1870 than the power to prosecute for penalties, when both acts are consolidated and read together.    The former might have been specifically conferred in the act of 1870, from a necessity expressly to restrict the jurisdiction of the local boards to the locality for which they are appointed, or to insert some modification of the terms or manner upon or in which licenses should be granted, or it might have been deemed appropriate to specify in terms the principal powers and duties of the officers therein authorized to be appointed.    Whatever the object or necessity, or want of necessity, the construction of the two acts now in force, when united on this point, is not doubtful.    The new boards having express authority to sue for penalties, it follows that the old boards have not.

These views are deemed appropriate in giving a construction to this statute, but are perhaps not necessarily essential to the question involved in these motions.    These actions were commenced before the passage of the act of 1870, and they were properly commenced in the name of the county commissioners, and there is nothing in the act of 1870 inconsistent with their continued prosecution in the name of the county board.    The Revised Statutes (§ 14, title 1, ch. 7, part 3) has provided for all such cases.    It provides in substance that actions prosecuted by public officers shall not abate by their death or removal, but may be continued by their successors, who shall be substituted for that purpose by the court. I have no doubt that the new boards of excise are the successors of the old boards, within the locations for which they are respectively appointed, within the meaning of the statute.

Until such substitution, the actions may proceed in the name of the original parties. (10 N. Y., 164; 2 Denio, 125.)

The order must be affirmed.