## THE PEOPLE OF THE STATE OF NEW YORK ᴇx ʀᴇʟ, NICHOLAS HAUGHTON ᴀɴᴅ JOHN J. MORRIS *v.* WILLIAM S. ANDREWS ᴀɴᴅ JOHN VON GLAHN.

*Commissioners of excise in the city of New York — may be appointed by the mayor without confirmation by the board of aldermen — 1884, chap. 43.*

Under the authority confered upon the mayor of the city of New York by chapter 43 of 1884, which directs that "all appointments to office in the city of New York, now made by the mayor and confirmed by the board of aldermen, shall hereafter be made by the mayor without such confirmation," the mayor is authorized to appoint commissioners of excise, and no confirmation of such appointment by the board of aldermen is now required.

CASE submitted for the decision of the court upon an agreed statement of facts.

*A. J. Dittenhoefer* and *Elliott Sandford,* for the plaintiffs.

*Charles W. Dayton,* for the defendants.

DANIELS, J.:

The relators, with another person, were appointed by the mayor and aldermen of the city of New York as commissioners of excise for a term of three years from the 1st of May, 1883, and until other commissioners should be appointed in their places. On the 1st of May, 1886, the mayor of the city of New York appointed William S. Andrews a commissioner of excise for the city in place of Nicholas Houghton, and Charles H. Woodman in place of William P. Mitchell, and John Von Glahn in place of John J. Morris. The relators deny the power of the Mayor himself to make these appointments. They were made by him under the authority of chapter 43 of the Laws of 1884, entitled "An act to center responsibility in the municipal government of the city of New York." This act took effect on the 1st day of January, 1885, and, by its first section, it was directed that "all appointments to office in the city of New York, now made by the mayor and confirmed by the board of aldermen, shall hereafter be made by the mayor without such confirmation."

That appointments to the offices of excise commissioners were, previous to the enactment of this law, made in the city of New

York, has not been denied by the plaintiffs. Neither can it be denied that such appointments were made by the mayor and confirmed by the board of aldermen; and that would seem to bring the offices strictly within the act, even though the counsel may be right in the position taken that they are officers appointed to execute State authority.

The law providing for this manner of appointment was enacted by chapter 175 of the Laws of 1870. This act, by its second section, provided for the appointment of commissioners in each of the cities of the State, except the cities of New York and Brooklyn, by the mayor of such city himself, but in the cities of New York and Brooklyn it was required that "the mayor should nominate three good and responsible citizens to the board of aldermen of such cities, respectively, who should confirm or reject such nominations. In case of the rejection of such nominees, or any of them, the mayor (it was directed) shall nominate other persons as aforesaid, and shall continue so to nominate until the nominations shall be confirmed." This enactment was in the same form carried into and repeated in section 2 of chapter 145 of the Laws of 1879; and it was again, in the same language, re-enacted by section 109 of chapter 410 of the Laws of 1882, known as the "consolidation act."

Under each of these laws the commissioners of excise in the city of New York were required to be nominated by the mayor, and confirmed by the aldermen, to make their appointments legal or complete to these offices. The object of the first of these laws, as that was considered in *Board of Excise* v. *Garlinghouse* (45 N. Y., 249), was to make the commissioners of excise, when so appointed, boards of the city in which their appointments should be made. This was declared to be the effect of the enactment contained in the law of 1870, for there it was said that the principal purpose of the act "seems to have been to change the excise boards from county boards to town, village and city boards so, that each locality would be assured of that personal knowledge, supervision and vigilence, deemed to be indispensable to the proper discharge of the important duties committed to their charge, in determining the proper persons to whom licenses should be granted, as well as the circumstances justifying the exercise of that power." (Id., 251.)

But whether these laws had the effect of changing commissioners

of excise, appointed in the cities, to city officers or not, it is unnecessary further to discuss or determine. For, under the statutes preceding the law of 1884, whatever may have been their official standing, they were required to be nominated by the mayor and confirmed by the board of aldermen, when the appointment should be made in the city of New York. And it was to change the tenure of office or mode of appointment in this respect that the act of 1884 was passed. And it was so enacted as to include all appointments to offices in the city of New York made by the mayor and confirmed by the aldermen. The appointments of commissioners of excise were such appointments to office, as in this statute in this manner has been mentioned. And as it was made to include all such appointments as might previously be made by the mayor and confirmed by the board of aldermen, it necessarily included the offices of commissioners of excise. The mayor, accordingly, without the confirmation of the board of aldermen, was empowered by this act of 1884 to make the appointments for excise commissioner, which he did. And it follows that judgment should be directed for the defendants, without costs, upon the case submitted by the parties for the consideration and decision of the court.

DAVIS, P. J., and BRADY, J., concurred.

Judgment ordered for the defendants, without costs.