JOHN W. BELLINGER, as Overseer of the Poor of the Town of Kirkland, Respondent, v. J. ALLEN BIRGE, Appellant.

*Overseer of the poor — authority of, to discontinue an action brought by his predecessor in office (then deceased) although he has not been substituted as plaintiff therein.*

An action to recover several penalties for selling strong or spirituous liquors in quantities less than five gallons at a time, without having a license therefor, based upon the provisions of section 13 of chapter 628 of the Laws of 1857, was brought in the Supreme Court in the name of John W. Bellinger, as overseer of the poor of Kirkland, by A. J. Hopkins and I. O. Best, in pursuance of the provisions of section 30 of the said act, as amended by chapter 820 of the Laws of 1873.

It appeared that one Root had been overseer of the poor previous to the appointment of Bellinger as such overseer, and had brought an action in August 1888 against the defendant in the Oneida County Court, which was pending at the time of Root's death and Bellinger's appointment on September 5, 1888.

On the trial of the first-mentioned action the defendant offered in evidence a release, under the hand and seal of Bellinger, dated October 12, 1888, whereby, for a valuable consideration, he, as such overseer, agreed and stipulated to discontinue and settle a certain action then pending in the County Court of Oneida county, which was commenced in August, 1888, in which one Rollin Root, as overseer of the poor of said town, was named as plaintiff, and the defendant in this action was defendant, and also settled and released all causes of action, or rights of action, which the said town or its overseer of the poor, as such, had, or claimed to have, against the defendant for or on account of any and all alleged sales of liquor, wines, ales or other strong and spirituous drinks, without a license.

This evidence was objected to on the ground that at the time when this release was given Bellinger had not been substituted as plaintiff in the place of Root in the action in the County Court, and that he had no power to give such release. The objection was sustained, and the defendant duly excepted to such ruling and appealed from the judgment entered against him.

*Held,* that upon the death of Root and the appointment and qualification of Bellinger, as such overseer, the latter succeeded to the rights, and became at once invested with the powers of the former and had authority to discontinue such action in the County Court, although he had not been substituted as plaintiff therein.

That the court erred in refusing to admit the release offered in evidence by the defendant, and that the judgment should be reversed. (MERWIN, J., dissenting.)

*Semble,* that an overseer of the poor has a right to settle and release such a cause of action and discontinue the action brought to recover the penalties. (Per HARDIN, P. J., and MARTIN, J.)

APPEAL by the defendant from a judgment of March 20, 1889, in favor of the plaintiff, which was entered, upon the verdict of a jury at the Oneida Circuit, in the office of the clerk of Oneida county, and from an order denying a motion for a new trial made upon the minutes of the justice presiding at the trial.

*McMahon & Curtin,* for the appellant.

*J. R. McCabe,* for the respondent.

MARTIN, J.:

This was an action to recover several penalties for selling strong or spirituous liquors in quantities less than five gallons at a time without having a license therefor. The action was based on the provisions of section 13, chapter 628 of the Laws of 1857. It was brought in the name of John W. Bellinger, as overseer of the poor of the town of Kirkland, by A. G. Hopkins and I. O. Best, in pursuance of the provisions of section 30 of said act, as amended by chapter 820 of the Laws of 1873.

On the trial the defendant offered in evidence a release under the hand and seal of said Bellinger, dated October 12, 1888, whereby for a valuable consideration he as such overseer agreed and stipulated to discontinue and settle a certain action then pending in the County Court of Oneida county, in which one Rollin Root, as overseer of the poor of said town, was named as plaintiff, and the defendant in this action was defendant, and also settled and released all causes of action or rights of action which the said town or its overseer of the poor, as such, had or claimed to have, against the defendant for or

on account of any and all alleged sales of liquor, wines, ales, or other strong and spirituous drinks without a license. This evidence was objected to " as incompetent and immaterial, and that the overseer has no power." The objections were sustained and the defendant duly excepted.

This exception presents at once the most important and difficult question involved on this appeal. The action in the County Court was commenced in August, 1888, by Rollin Root, the then overseer of the poor of that town. He subsequently died. On September fifteenth of that year Bellinger was duly appointed as such overseer to fill the vacancy caused by such death. When Bellinger assumed the duties of his office he found that action pending. It was afterwards settled by him, and the release mentioned was given. That such settlement and release, if valid, was a defense to this action, is not denied. The contention of the persons prosecuting this action is, that the plaintiff had no power or authority to control or settle that action because he had not been substituted as plaintiff in the case, and that he had no power to settle the matters involved therein. The court so held.

Upon the death of Root and the appointment and qualification of Bellinger as such overseer, the latter succeeded to the rights. became invested with the powers, and burdened with the duties and responsibilities which had been possessed by and imposed upon the former, as well as to the subject-matter of such suit as to the other matters pertaining to that office. We do not think that the learned trial justice was correct in holding that Bellinger had no authority to act in, or control over, that action without being substituted as a party. We are of the opinion that that action and the subject-matter thereof were subject to his direction and control, that he might, and that it was his duty to perform every act that his predecessor could or should have performed in regard to it if he had lived and continued in office. It might have been proper for Bellinger to have procured a substitution of himself as plaintiff, if he had deemed it best to continue that action instead of settling it, but it does not seem that it was necessary. (*Farnham* v. *Benedict,* 29 Hun, 44; *Manchester* v. *Herrington,* 10 N. Y., 164; *Board of Excise* v. *Garlinghouse,* 45 id. 249.)

This brings us to the question of the power of an overseer of the poor to settle such an action and to discharge a person from the liability which he has incurred by reason of a violation of this statute. The respondent contends that such an action cannot be compounded without the consent of the court in which the action is pending. Several authorities are cited as sustaining that contention. We do not think they sustain the doctrine contended for. The cases cited were actions brought by private individuals in their own names where the public was interested in a portion of the recovery, and were based chiefly upon an English statute which expressly provided that in such an action the plaintiffs should not compound or agree with the offender without the order or consent of the court in which the action was pending. Substantially the same provision is made by section 1894 of the Code of Civil Procedure. Those cases are unlike the case at bar. In this case the action was brought by a public officer under the provisions of a statute which make it his duty to sue for and recover such penalties, and there is no statute or other authority, to which our attention has been called, that requires him to obtain the consent of the court before he can settle or discharge such a cause of action. Moreover, there is no evidence that this action was compounded, *non constat* but the defendant paid the full amount of such penalties and costs.

By the statute under consideration the right of action for such penalties is vested in the overseer in the first instance. It is the obvious intent of the statute that such actions and causes of action shall be under the control and management of that officer, unless he shall improperly omit to perform his duty as such; and he must be deemed to possess all the powers necessary to a proper and efficient discharge of his duties in that behalf. Such powers as are necessary and not expressly given are to be implied. While it may well be that a settlement of such an action by an overseer, when proved to have been collusive, fraudulent or without consideration, might be set aside, and that such a settlement would constitute no defense to a subsequent action brought to recover the same penalties, still, we think, it should not be held that the settlement and release of such a cause of action, which is, in all things, proper and fair, is invalid. To uphold this judgment we must hold that an overseer of the poor has no power to settle or release a cause of action for a

violation of this statute, even if the full penalty given by the statute was paid by the defendant. In this case the fairness of the settlement is in no way impeached. Presumably it was based on a full and valuable consideration. If it was the duty of Bellinger, and he had power to settle this cause of action only on the payment of the full amount of the penalty incurred and costs, then the presumption is that he discharged that duty, and the burden of overcoming such presumption rested with the respondent. When the action is prosecuted by others in the name of the overseer, the overseer cannot control the action, but when prosecuted by himself he may, doubtless, control it and even discharge the judgment when obtained, if such discharge be not in fraud of the rights of the people of his town. (*Record* v. *Messenger*, 8 Hun, 285.)

We have, perhaps, discussed the question in this case more fully than was necessary. What we intend to decide is, that the court erred in refusing to admit the release offered in evidence by the defendant. That the rejection of that evidence was error, we hold. For this error the judgment and order should be reversed.

Judgment and order reversed on the exceptions, and a new trial granted, with costs to abide the event.

HARDIN, P. J.:

When the defendant offered the discontinuance and release in evidence they were objected to and rejected and an exception taken. If the paper had been received, it would have furnished some evidence that defendant had paid to settle, or to satisfy penalties. That would have required evidence from plaintiff to overcome the position of defendant that he had paid and satisfied.

The defendant was entitled to give the evidence that "for a valuable consideration" all actions were settled, all causes of actions accruing against defendant had been released; if the plaintiff could then have proved that the overseer had no authority to settle, or to release, he would have been entitled to give such proof. In *People ex rel. Hammond* v. *Leonard* (74 N. Y., 446), it was said by CHURCH, Ch. J.: "There may be cases also where a public officer suing for penalties, may and ought to discontinue the actions, or in case of a doubtful result to compromise them. The diligence required by the statute does not mean a reckless prosecution regard-

less of consequences. The best diligence may be exercised in making haste slowly."

If the court had taken the evidence offered by defendant, and then any evidence offered by plaintiff to reply, the question would have been presented as to whether the action of the overseer was valid and effectual, as well as discreet. The conclusion was erroneous. There should, therefore, be a reversal. Judgment and order reversed on the exception, and a new trial ordered, with costs to abide the event.

MERWIN, J. (dissenting):

The case presented does not, I think, authorize the assumption that any claim was made by defendant that the penalties proved had been paid. There was no plea of payment. The case shows that the new overseer saw the attorney of the parties desiring to have the cases prosecuted, and declined to go on with the prosecution, on the ground that he deemed the evidence insufficient. The defendant then proposed to show that, after that, the overseer "conferred with counsel about it, and settled and satisfied all the cases and released everything up to that date, October twelfth." That was the date of the release offered. There was no suggestion that the penalties were paid. Had such a suggestion been made, very likely the trial would have taken another course. At least another question would have been presented. So that I think the question for us to determine is whether an overseer has any power to release before judgment without payment. The statute (section 22 of chapter 628 of 1857, as amended by chapter 109 of 1878), provides that the penalties of the character here sued for "shall be sued for, and recovered by and in the name of the overseers of the poor * * * and paid over to the treasury of the county for the support of the poor." No power to compromise or compound was given, and none, I think, was intended. Such a power would, in many cases, destroy the efficiency of the statute. The overseer was not the owner of the cause of action. The trial court simply held that the paper did not release the cause of action then pending. I think this ruling was correct.

Judgment and order reversed on the exceptions and a new trial ordered, with costs to abide the event.