BELLINGER, Overseer of the Poor, *v.* BIRGE.

(*Supreme Court, General Term, Fourth Department.* November, 1889.)

Action in the name of John W. Bellinger, overseer of the poor, against J. Allen Birge, for penalty for selling intoxicating liquors without a license. For opinion of MARTIN, J., and dissenting opinion of MERWIN, J., see 7 N. Y. Supp. 695.

HARDIN, P. J. When the defendant offered the discontinuance and release in evidence, it was objected to, and rejected, and an exception taken. If the paper had been received, it would have furnished some evidence that defendant had paid to settle or to satisfy penalties. That would have required evidence from plaintiff to overcome the position of defendant that he had paid and satisfied. The defendant was entitled to give the evidence that, "for a valuable consideration," all actions were settled,—all causes of actions accruing against defendant had been released. If the plaintiff could then have proved that the overseer had no authority to settle or to release, he would have been entitled to give such proof. In *People* v. *Leonard,* 74 N. Y. 446, it was said by CHURCH, C. J.: "There may be cases, also, where a public officer suing for penalties may and ought to discontinue the actions, or, in case of a doubtful result, to compromise them. The diligence required by the statute does not mean a reckless prosecution, regardless of consequences. The best diligence may be exercised in making haste slowly." If the court had taken the evidence offered by defendant, and then any evidence offered by plaintiff to reply, the question would have been presented as to whether the

·action of the overseer was valid and effectual, as well as discreet. The con-clusion was erroneous. There should therefore be a reversal.

Judgment and order reversed on the exceptions, and a new trial ordered, with costs to abide the event.